## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Weinnan

December 6, 1989

Case No. (Law) 86280

By JUDGE THOMAS J. MIDDLETON

The defendant was adjudged an habitual offender pursuant to Va. Code § 46.1-387.2 (1986) by an order of this court dated September 22, 1988. The proceedings leading up to this order were irregular in that the information required by Va. Code § 46.1-387.4 (1986) was filed by the Commonwealth's Attorney subsequent to the issuance of the Show Cause Order. Virginia Code §§ 46.1-387.4 and 46.1-387.5 require the information to be filed before the Show Cause Order is entered. The defendant filed his Motion to Vacate the final order on October 23, 1989.

At the time the defendant was served with the Show Cause Order, all required documents had been filed with the Court.

Chronologically, the proceedings occurred as follows:

(1) April 11, 1988: Order to Show Cause entered by Circuit Court returnable to September 8, 1988.

(2) May 19, 1988: DMV issued certificate containing abstract of its records.

(3) August 10, 1988: Information filed with Clerk of Court by Commonwealth's Attorney.

(4) August 25, 1988: Order to Show Cause served upon defendant.

(5) September 8, 1988: Defendant appeared in Court and requested continuance until September 22, 1988. Request was granted.

(6) September 22, 1988: Hearing held. Final Order entered declaring defendant to be an habitual offender.

The issue before the Court is whether the Court may vacate an irregularly entered order declaring a defendant an habitual offender when more than twenty-one days have elapsed from the entry of that order.

Virginia Supreme Court Rule 1:1 provides in part:

All final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer.

This rule is jurisdictional, and after the twenty-one day period, the court loses all power to enter further orders. *Rook v. Rook*, 233 Va. 92, 353 S.E.2d 756 (1987). The rule does not, however, limit the Court's power to vacate void orders. A void order is a nullity and may be vacated at any time upon proper application. *Lofer v. Lofer*, 205 Va. 834, 140 S.E.2d 663 (1965). Twenty-one days having passed, the issue becomes whether the Court's September 22, 1988, order is void due to the prior procedural irregularities. "A void judgment is one that has been procured by extrinsic or collateral fraud . . . . or entered by a court that did not have jurisdiction over the subject matter or the parties." *Rook*, 233 Va. at 95.

In the instant case, there is no allegation that the order was procured by fraud. The defendant contends that this court lacked jurisdiction to issue its order because of the irregularity in the Show Cause Order.

At the time that the Order to Show Cause was served upon the defendant on August 25, 1988, the file was complete, and all proceedings required by the Code of Virginia had been accomplished.

On September 8, 1988, the defendant appeared before the Court and was granted a continuance to September 22, 1988, for the purpose of obtaining counsel. On September 22, 1988, the defendant appeared in Court without counsel.

42

No objection was made on that day regarding the irregularity in the information or Show Cause Order. If the defendant had a valid objection, he waived it by his general appearance and failure to object. The defendant also waived any objection he had to the lack of a finding as to his identity by signing the Final Order without objection.

The Motion to Vacate is denied.