## Richmond

### DELORES E. TREVINO

v.

### JOHN PAUL TALMADGE

No. 0331-93-2

Decided December 21, 1993

COUNSEL

Alan T. Gravitt (Gravitt & Gravitt, P.C., on briefs), for appellant.

J. Johnson Eller, Jr. (Law Offices of J. Johnson Eller, Jr., on brief), for appellee.

OPINION

**WILLIS, J.**—This appeal arises from the registration of two foreign support orders in the Juvenile and Domestic Relations Court of Halifax County. One order, a judgment of divorce, required Mr.

Talmadge to pay support for the parties' two children. The second order increased the amount of child support. The trial court vacated the registration of these foreign support orders. On appeal, Ms. Trevino contends that the trial court erred because the foreign support orders had been properly registered under Article 4 of RURESA. We agree and reverse the judgment of the trial court.

In March, 1981, the parties moved to Virginia from Michigan. On June 21, 1981, they separated. In July, 1981, Ms. Trevino returned to Michigan with the parties' two children. She sued for divorce in Michigan.

In September, 1981, upon Ms. Trevino's petition, the Halifax County Juvenile and Domestic Relations Court ordered Talmadge to pay $850 per month child support. He fell into arrears. The parties settled the arrearage and on February 1, 1982, the Halifax County Juvenile and Domestic Relations Court dismissed this case on Ms. Trevino's motion.

On February 9, 1982, the Michigan court entered an *ex parte* temporary order requiring Talmadge to pay $100 support per week per child. On March 23, 1982, while voluntarily in Michigan to testify in another case, Talmadge was served with process in the divorce suit and with a copy of the February 9, 1982 support order. Talmadge contends that because he was in Michigan solely to testify, the March 23, 1982 service of process on him was invalid under Mich. Comp. Laws Ann. § 600.1835(1) (West 1993). However, the record contains no indication that he attacked the validity of that service of process in the Michigan court. Rather, he employed Michigan counsel and filed an answer and counterclaim.

Talmadge failed to comply with the February 9, 1982 Michigan support order. Ms. Trevino initiated a proceeding under Article 3 of RURESA (Code §§ 20-88.18 et seq.). Upon referral from Michigan, the Halifax County Juvenile and Domestic Relations Court ordered Talmadge to pay $200 per month child support. On September 27, 1982, the Halifax County Juvenile and Domestic Relations Court reaffirmed this order. By decree entered September 29, 1982, the Circuit Court of Halifax County divorced the parties. On October 23, 1982, Talmadge appeared in person before the Michigan court.

In January, 1983, both parties appeared before a Michigan referee for the Friend of Court to resolve issues of custody, child support and property division. Talmadge argued that child support had already

been determined in Virginia. As a result of this hearing, the Michigan court fixed child support at $40 per week per child and determined arrearages from March 23, 1982.

On October 19, 1983, the Michigan court entered a decree of divorce requiring Talmadge to pay $40 per week per child for child support beginning October 7, 1983, and fixing his arrearage at $3,058.50. This decree also provided that Michigan would retain jurisdiction until the decree's provisions were satisfied. That decree was not appealed and became final.

On April 3, 1985, Ms. Trevino filed another petition under Article 3 of RURESA seeking an increase in child support to $60 per week per child and praying that Talmadge be required to pay the arrearage accrued under the Michigan order. On December 10, 1985, the Halifax County Juvenile and Domestic Relations Court ordered that child support be increased to $300 per month, provided Ms. Trevino allowed Talmadge to visit the children. It held that Talmadge had complied with Virginia's support order and refused to enforce payment of Michigan's support arrearages. In 1986, Ms. Trevino allowed visitation and Talmadge began paying $300 per month.

By order entered November 29, 1988, the Michigan court modified the Michigan divorce decree by increasing child support to $164 per week per child retroactive to July 25, 1988. It reduced Talmadge's obligation to pay medical expenses and abated his obligation for support during extended visitation periods. Talmadge did not personally appear and objected to the proceedings by mail. That decree became final.

Talmadge failed to pay the support required by the Michigan orders but paid the lesser amounts ordered by the Virginia court. On May 17, 1989, Ms. Trevino petitioned the Michigan court to reduce to judgment the $12,680 in support arrearages accrued from March 1982 to March 23, 1989. On June 15, 1989, the Michigan court entered a judgment against Talmadge for $13,799.

On July 25, 1990, Ms. Trevino registered both the Michigan decree of divorce (October 19, 1983) and the Michigan amended decree

(November 29, 1988)[1] in the Halifax County Juvenile and Domestic Relations Court pursuant to Code § 20-88.30:5. On August 25, 1990, Talmadge moved to vacate the registration. On February 25, 1991, the Halifax County Juvenile and Domestic Relations Court granted Talmadge's petition and vacated the registration. On January 21, 1993, on appeal de novo, the trial court vacated the registration of the Michigan support orders on grounds that Talmadge's duty of support was established in Virginia before Michigan acted, Talmadge was at all relevant times a resident of Virginia, and Ms. Trevino should not be allowed to forum shop.

We do not, in this appeal, address the enforceability of the apparently inconsistent support orders resulting from the parties' submission to multiple jurisdictions. That issue is not before us.

Article 4 of RURESA, Code § 20-88.30:1 *et seq.,* provides for the registration of foreign support orders.

If the duty of support is based on a foreign support order, the obligee has the additional remedies provided in the following sections.

Code § 20-88.30:1.

The obligee may register the foreign support order in a court of this Commonwealth in the manner, with the effect, and for the purposes herein provided.

Code § 20-88.30:2.

An obligee . . . seeking to register a foreign support order in a court of this Commonwealth shall transmit to the clerk of the court (1) three certified copies of the order with all modifications thereof, (2) one copy of the reciprocal enforcement of support act of the state in which the order was made, and (3) a statement verified and signed by the obligee . . . , showing the post office address of the . . . obligor, the last known place of residence and post-office address of the obligor . . . , the amount of support remaining unpaid, a description and the location of any property of the obligor available upon execution, and a list of the states in which the order is registered. Upon receipt of these doc-

---

[1] Although the Virginia court orders, both from the juvenile and domestic relations court and the circuit court, state that the amended Michigan order that Ms. Trevino seeks to register is dated June 15, 1989, the correct date is November 29, 1988.

uments the clerk of the court, without payment of a filing fee or other cost to the obligee. . ., shall file them in the Registry of Foreign Support Orders. The filing constitutes registration under this law.

Code § 20-88.30:5(a).

Ms. Trevino was the obligee of the support obligation set forth in the October 19, 1983, and November 29, 1988, Michigan decrees. She followed the procedure and furnished the documentation required by Code § 20-88.30:5(a). She thereby accomplished the registration of the two Michigan decrees.

A. Upon registration, the registered foreign support order shall be treated in the same manner as a support order issued by a court of this Commonwealth. It has the same effect and *is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a support order of this Commonwealth* and may be enforced and satisfied in like manner. . . .

B. The obligor has twenty days after the mailing of notice of the registration in which to petition the court to vacate the registration or for other relief.

Code § 20-88.30:6 (emphasis added).

In vacating the registration of the Michigan decrees, the trial court held (1) that Virginia, prior to Michigan, had established Talmadge's support obligation, (2) that Talmadge was a Virginia resident when the Michigan court acted, and (3) that Ms. Trevino should not be permitted to forum shop. These are considerations that may determine the enforceability of conflicting provisions, but they are not sufficient to deny registration of valid final support orders.

■ The Michigan decrees, once registered, were to be treated in the same manner as support orders issued by a court of this Commonwealth. Code § 20-88.30:6(A). Because more than twenty-one days had expired after their entry, the two Michigan decrees were final and not subject to modification. Rule 1:1. They were subject to being vacated only upon proof that they were based upon deficient jurisdiction or upon extrinsic fraud. *Rook v. Rook,* 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987). Talmadge made no allegation of fraud and the record discloses no basis for a finding of fraud. The jurisdiction of

the Michigan court cannot be disputed. Talmadge appeared *in personam* by filing pleadings and by his actual presence.

The judgment of the trial court is reversed and the registration of the two Michigan decrees is ordered to be reinstated.

*Reversed and the registration of the two*
*Michigan decrees is ordered to be reinstated.*

Benton, J., and Koontz, J., concurred.