COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Coleman and Willis

JERRY C. PATE

v.   Record No. 0479-96-4

BARBARA R. PATE, N/K/A
 BARBARA R. WILEY

MEMORANDUM OPINION[*]
PER CURIAM
OCTOBER 1, 1996

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Gerald Bruce Lee, Judge

(James R. Hart; Dixon, Smith & Stahl, on
briefs), for appellant.

(Paula W. Rank; Lawrence H. Bowen; Byrd,
Mische, Bevis, Bowen, Joseph & O'Connor,
P.C., on brief), for appellee.


    Jerry C. Pate (husband) contends the trial court erroneously amended the final decree of divorce as it pertained to his military retirement, erroneously computed an arrearage to include cost of living increases, and erroneously awarded attorney's fees to his former wife, Barbara R. [Pate] Wiley (wife).  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  Rule 5A:27.

    "Property settlement and support agreements are subject to the same rules of construction and interpretation applicable to contracts generally." Fry v. Schwarting, 4 Va. App. 173, 180, 355 S.E.2d 342, 346 (1987).  "[O]n appeal if all the evidence

    [*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

which is necessary to construe a contract was presented to the trial court and is before the reviewing court, the meaning and effect of the contract is a question of law which can readily be ascertained by this court."  Id.

## "Amended Decree"

Husband contends that the trial court's order was an extra-jurisdictional attempt to modify the terms of the final decree more than twenty-one days after the order was entered in violation of Rule 1:1.  In addition, husband contends the court's order was an impermissible attempt to rewrite the parties' agreement.

Two years after entry of the final decree, the wife filed a motion to interpret and enforce the terms of the existing agreement.  The court retains jurisdiction, even after the expiration of twenty-one days from the date the final decree was entered, to enforce the parties' existing agreement as incorporated in the final decree.  Rook v. Rook, 233 Va. 92, 95-96, 353 S.E.2d 756, 758 (1987).  Thus, we hold that the husband's contention concerning jurisdiction is without merit.

> The agreement provides in paragraph 23(g) as follows:
>             [Husband] agrees that [wife] is awarded
>       a monetary sum equal to FORTY PERCENT (40%)
>       of the disposable retired pay and costs of
>       living increases if, as and when received.
>       Disposable military retired pay is defined by
>       the applicable laws and regulations.  [Wife]
>       shall receive FORTY PERCENT (40%) of the said
>       disposable retired pay.  To the extent that
>       said portion of retired pay is not paid
>       directly to [wife] by the Secretary of the
>       Army or his designated agent, [husband] is

2

> designated as a constructive trustee for
> [wife] . . . .
>
> [Husband] agrees that if there is a
> diminution, reduction or cessation of the
> amount paid to [wife] hereunder, due to an
> act or omission of [husband], he shall
> personally pay to [wife] that amount not paid
> directly to her by the United States Army
> . . . . Specifically, the election by
> [husband] of any survivor benefit plan
> benefits in the future shall not affect in
> any way [wife's] share of the military
> retired pay set forth herein.

These provisions were "ratified, affirmed, and incorporated" into the final decree as permitted by Code § 20-109.1. In 1993, when the final decree was entered, husband was receiving regular retirement pay and wife was receiving $1,478.

The evidence proved that husband began to receive disability retirement pay in July 1994. Husband's election of disability retirement reduced the amount received by wife. Thus, the trial judge correctly ruled that the provision of paragraph 23(g) was implicated.

In Owen v. Owen, 14 Va. App. 623, 419 S.E.2d 267 (1992), under similar circumstances, we ruled as follows:

> [F]ederal law does not prevent a husband and
> wife from entering into an agreement to
> provide a set level of payments, the amount
> of which is determined by considering
> disability benefits as well as retirement
> benefits.
>
> *     *     *     *     *     *     *
>
> The trial court correctly found that the
> guarantee/indemnification clause created a
> separate agreement between the parties to
> maintain a certain level of payments to the
> wife. The husband acknowledged that he had

3

no disability rating at the time the agreement was signed. . . . The lengthy provisions of the PSA . . . show the parties' clear intent to maintain a stable payment level. If we adopted the husband's interpretation of the guarantee language, the guarantee would be rendered virtually meaningless, due to potentially large-scale conversion of retirement benefits to disability benefits. Conceivably, husband's disability payments could eliminate completely the wife's benefits. Such a result is irrational and does not comport with the clear intent expressed by the language of the PSA.

Id. at 628-29, 419 S.E.2d at 421.

Here, the trial court found that the terms of the agreement and the final decree were consistent and "that the act of electing military disability retirement pay is an act that the husband sought that had the effect of a diminution, reducing the amount of the military retirement pay payable to the wife." We agree with the trial court's interpretation of the agreement and with its conclusion.

Furthermore, the trial court's order enforced, but did not amend, the terms of the parties' agreement and final decree. Therefore, the trial court did not exceed its jurisdiction. Rook, 233 Va. at 95-96, 353 S.E.2d at 758.

### Arrearage

Husband also contends that the trial court erroneously interpreted the final decree to include cost of living increases. The agreement and decree clearly provide for wife to receive cost of living increases "if, as and when received." Husband's

4

interpretation that $1,478 per month was a cap on wife's benefits is not supported by the plain language of the agreement and the decree. Therefore, we find no error in the trial court's calculation of the arrearage.

### Attorney's Fees

Under the terms of the parties' agreement, "the party who is found to be substantially in violation of this Agreement shall pay to the party who substantially prevails . . . reasonable attorneys' fees . . . ." Husband's failure to comply with paragraph 23(g) of the agreement caused him to be substantially in violation of the agreement. Moreover, wife substantially prevailed in enforcing the agreement.

An award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion. Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). The trial court noted that several factual issues could have been resolved prior to the hearing. Based on the terms of the agreement, the number of issues involved, and the respective abilities of the parties to pay, we cannot say that the trial judge abused his discretion in awarding wife $750 in attorney's fees.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.

5