# CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Eric T. Nelson

Case No. (Crim.) 29306

Commonwealth of Virginia

v.

John Flaherty

Case No. (Crim.) 62348

Commonwealth of Virginia

v.

Arthur Simons

Case No. (Crim.) 70356

Commonwealth of Virginia

v.

Allen O. Douglas

Case No. (Crim.) 71601

October 17, 1996

By Judge Thomas S. Kenny

Cunningham & Mills Bonding Co. filed a petition to be relieved of the various judgments entered against it when the above-referenced defendants failed to appear for trial or other required appearance.

In each of these cases, it appears from the file that the defendant in question was returned to the jurisdiction of this court within sixty days of the date of forfeiture. Va. Code Ann. § 19.2-143 provides, in pertinent part:

> When a person, under recognizance in a case, either as party or witness, fails to perform the condition of appearance thereof, if it is to appear before a court of record, or a district court, a hearing shall be held upon reasonable notice to all parties affording them opportunity to show cause why the recognizance or any part thereof should not be forfeited. If the court finds the recognizance or any part thereof should be forfeited, the default shall be recorded therein, *unless [sic] the defendant or juvenile is brought before the court within sixty days of the findings of default. After sixty days of the finding of default*, his default shall be recorded therein, and if it is to appear before a district court, his default shall be entered by the judge of such court on the page of his docket whereon the case is docketed unless the defendant or juvenile has been delivered or appeared before the court. [Emphasis added.]

In each of these cases, a judgment was entered against Cunningham & Mills Bonding Co. at the same time that the court found that the bond should be forfeited. Had the court waited until sixty days had elapsed, as the Code contemplates, the judgment would presumably not have been entered since the defendants were already back before the court.

The issue before the court now is whether the judgments entered without waiting the sixty days are void or merely voidable. The Virginia Supreme Court has recently addressed the issue of void or voidable judgments. In *Parrish v. Jessee*, 250 Va. 514, 521 (1995), it said:

> Under settled legal principles, a judgment is void ab initio only if it "has been procured by extrinsic or collateral fraud or entered by a court that did not have jurisdiction over the subject matter or the parties." *Rook v. Rook*, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987). Otherwise a judgment is merely voidable and may be set aside only (1) by motion to the trial court filed within twenty-one days of its entry, Rule 1:1, (2) on direct appeal,

*Rook*, 233 Va. at 95, 353 S.E.2d at 758, or (3) by bill of review, Code § 8.01-623, *Blunt v. Lentz*, 241 Va. 547, 550, 404 S.E.2d 62, 64 (1991). "Judgments that are void [ab initio], however, may be attacked in any court at any time, directly or collaterally. *Rook*, 233 Va. at 95, 353 S.E.2d at 758.

The validity of a judgment based upon a challenge to the application of a statute raises a question of trial error and not a question of jurisdiction. *Pflaster v. Town of Berryville*, 157 Va. 859, 864, 161 S.E. 58, 60 (1931). *See generally*, M. L. Cross, *Annotation, Validity and Effect of Judgment Based upon Erroneous View as to Constitutionality or Validity of a Statute or Ordinance Going to the Merits*, 167 A.L.R. 517 (1947). "If the inferior court has jurisdiction of the subject matter of the controversy, and the parties are before it . . . a mistaken exercise of that jurisdiction does not render its judgment void." *County School Bd. v. Snead*, 198 Va. 100, 107, 92 S.E.2d 497, 503 (1956). "The court has jurisdiction to err, as well as to correctly adjudicate the questions before it for decision, and the remedy to correct the errors of the court is solely by appeal." *Farant Investment Corp. v. Francis*, 138 Va. 417, 436, 122 S.E. 141, 147 (1924); *see also, Kiser v. W. M. Ritter Lumber Co.*, 179 Va. 128, 136, 18 S.E.2d 319, 322 (1942).

Here, there is no question that the court had jurisdiction over the subject matter and over the parties. No challenge has been raised to either of these issues. If there was a mistake in the timing of the entry of the judgment, such a mistake merely makes the judgment voidable, not void, and accordingly may only be attacked by one of the three mechanisms set out in *Parrish*. None of those mechanisms has been implicated here.

Accordingly, the petition for relief from the judgments must be denied. However, since § 19.2-143 also allows for a refund of a forfeited recognizance (less costs incurred by the Commonwealth) when the defendant is returned to the court within twelve months of the default, and each of these defendants was so returned, the court will enter an order requiring the clerk to remit the judgment amount back to the bonding company upon the expiration of twenty-one days after satisfaction of the judgment, unless the Commonwealth's Attorney shall, within such time period, file with the clerk a claim for costs incurred. If such claim is made, then you shall have the right to petition the court for a refund of an appropriate amount after the allowance or disallowance, in whole or in part, of the Commonwealth's claim.