COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Fitzpatrick
Argued at Salem, Virginia


STUART ACREE BARBOUR, JR.

                                    MEMORANDUM OPINION* BY
v.        Record No. 0123-96-3       JUDGE LARRY G. ELDER
                                       APRIL 15, 1997
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                  Clifford R. Weckstein, Judge


            Stuart A. Barbour, Jr., pro se.

            Steven A. Witmer, Assistant Attorney General
            (James S. Gilmore, III, Attorney General, on
            brief), for appellee.


     Stuart Acree Barbour, Jr. (appellant) appeals his conviction

of improper driving in violation of Code § 46.2-857.  He contends

that the City of Roanoke Circuit Court (trial court) lacked

subject matter jurisdiction over his case and, in the

alternative, that the evidence was insufficient to support his

conviction.  For the reasons that follow, we affirm.

                                 I.

                  SUBJECT MATTER JURISDICTION

     Appellant contends for the first time on appeal that the

trial court lacked subject matter jurisdiction over his case.  We

disagree.

     It is well settled that "a judgment is void ab initio only

_____
          *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

if it 'has been procured by extrinsic or collateral fraud, or entered by a court that did not have jurisdiction over the subject matter or the parties.'" Parrish v. Jessee, 250 Va. 514, 521, 464 S.E.2d 141, 145 (1995) (quoting Rook v. Rook, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987)).  "Otherwise a judgment is merely voidable and may be set aside only (1) by motion to the trial court filed within twenty-one days of its entry, . . . (2) or on direct appeal, . . ., or (3) by bill of review . . . ." Id. (citations omitted).  Although arguments not presented to the trial court are generally not entertained on appeal, "objections to subject-matter jurisdiction may be raised at any time and are not waivable."  Owusu v. Commonwealth, 11 Va. App. 671, 672, 401 S.E.2d 431, 431 (1991); see also Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991).

We hold that the trial court had subject matter jurisdiction over the criminal charge against appellant.  Appellant's case was originally heard by the City of Roanoke General District Court. Appellant subsequently appealed his conviction in the district court to the trial court.  Circuit courts have subject matter jurisdiction:

> of all cases, civil and criminal, in which an
> appeal . . . may, as provided by law, be
> taken to . . . such courts . . . from or to
> the judgment or proceedings of any inferior
> tribunal.

Code § 17-123.  Circuit courts have appellate jurisdiction over criminal and traffic cases initially heard in a general district

court. General district courts have original jurisdiction for the trial of "[a]ll other misdemeanors and traffic infractions arising in such . . . city [for which the district court is established]." Code § 16.2-123.1. In addition, Code § 16.1-132 provides a right of appeal to the circuit court for "[a]ny person convicted in a district court of an offense not felonious . . . ." Because appellant was charged with reckless driving and appealed his initial conviction in the City of Roanoke General District Court, the City of Roanoke Circuit Court had subject matter jurisdiction to try his case de novo. See Code § 16.1-136 (stating that an appeal taken from a district court shall be heard de novo in the appellate court).

Appellant argues that he was charged with "improper driving" and that this charge is not cognizable under the Commonwealth's laws regulating the operation of motor vehicles. However, the summons issued by Officer Bingeman, the charging document in this case, does not charge appellant with "improper driving." Instead, it charges appellant with "driving 2 vehicles abreast in one lane" in violation of Code § 46.2-857.

We also disagree with appellant's argument that the Commonwealth failed to establish that his alleged traffic infraction occurred in the City of Roanoke. At trial, the Commonwealth's attorney had the following exchange with Officer Bingeman:

> Q. And [appellant] went to the right, is that correct?

A. Correct. He passed on the right.

Q. The light was green, is that right?

A. Yes, sir.

Q. Okay. All right. Was this driving in the City of Roanoke?

A. Yes, it was.

This evidence supports the trial court's conclusion that it had jurisdiction over appellant's case.

## II.

## SUFFICIENCY OF THE EVIDENCE

Appellant contends that the evidence was insufficient to prove that he violated Code § 46.2-857. We disagree.

When considering the sufficiency of evidence on appeal in a criminal case, this Court views the evidence in a light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). On review, this Court does not substitute its own judgment for that of the trier of fact. See Cable v. Commonwealth, 243 Va. 236, 239, 415 S.E.2d 218, 220 (1992). The trial court's judgment will not be set aside unless it appears that the judgment is plainly wrong or without supporting evidence. See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

We hold that the evidence was sufficient to support appellant's conviction of violating Code § 46.2-857. In a

prosecution under Code § 46.2-857, the Commonwealth must prove that the defendant drove his or her motor vehicle so as "to be" or "to travel" abreast of another vehicle "in a lane designed for one vehicle." Code § 46.2-857. Officer Bingeman testified that Brambleton Avenue has a double yellow line painted in its middle and is wide enough to accommodate one lane of traffic traveling in either direction while enabling cars to parallel park on the east-bound side of the street. This evidence supports the trial court's conclusion that the east-bound lane of Brambleton Avenue on which appellant was driving is "designed for one vehicle." In addition, Officer Bingeman testified that while a mail truck was stopped at an intersection and as an Oldsmobile was still approaching the intersection, appellant pulled to his right and passed both vehicles in the space normally used for parking on Brambleton Avenue. This evidence supports the trial court's conclusion that appellant drove his car so as to travel abreast of another vehicle.

For the foregoing reasons, we affirm the conviction of improper driving in violation of Code § 46.2-857.

Affirmed.