COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Bray and Senior Judge Hodges
Argued at Norfolk, Virginia


DAVID J. SENECHAL

                                     MEMORANDUM OPINION* BY
v.   Record No. 0514-97-1           JUDGE RICHARD S. BRAY
                                        NOVEMBER 18, 1997
CAROL F. SENECHAL


            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                       Jerome James, Judge

            Barry Kantor (Christie & Kantor, on brief),
            for appellant.

            F. Sullivan Callahan for appellee.


     David J. Senechal (husband) appeals a decree of the trial

court which modified spousal and child support payable by husband

to his former wife, Carol F. Senechal (wife), in accordance with

the court's construction of the parties' earlier stipulation

agreement.  Husband complains that the court erroneously revised

spousal support contrary to the provisions of the agreement and

the terms of the related final decree of divorce.  We agree and

reverse the disputed order.

     The parties are conversant with the record, and we recite

only those facts necessary to a disposition of the appeal.

     It is uncontroverted that the parties prepared and executed

an "AGREEMENT FOR DIVORCE SETTLEMENT," dated December 30, 1990,

which purported to resolve, inter alia, issues of child custody,

--------

     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

visitation, and child and spousal support.  The agreement expressly provided that "child support . . . will be based on the computations from the income of both parties" and "[s]pousal support will be the difference between $1,300 per month and the computed monthly child support . . . ."

Husband and wife were divorced by final decree of the trial court entered on March 1, 1991, at which time two of four children born to the marriage remained unemancipated.  The decree expressly referenced the "Stipulation Agreement" of the parties and ordered that its terms be "ratified and confirmed and incorporated into and made a part of [such] decree."  The divorce decree further specified that, "pursuant to the Stipulation Agreement . . . [husband] pay unto [wife] the sum of [$906.29] per month as child support" and "the sum of [$393.71] per month as spousal support . . . ."[1]  Counsel for both parties endorsed the decree, "We ask for this," without exception or appeal.

The decree in dispute arose from husband's petition of August 23, 1995, to modify the divorce decree, seeking a reduction of child support to reflect the emancipation of one child.  The trial court determined that the parties' agreement "unambiguous[ly]" required husband to pay wife a "total amount of support . . . [of] $1,300 per month with the child support payment to be determined by the statutory guidelines . . . [and] the difference being spousal support."  The court, therefore,

_____

[1]Manifestly, these awards aggregate $1,300 per month.

reduced the child support but ordered an attendant increase in spousal support sufficient to maintain a combined monthly award to wife of $1,300. Husband appeals, arguing that the court was without both authority and jurisdiction to modify the spousal support award fixed in the divorce decree "pursuant" to the terms of the agreement.

> It is well established that
> > [w]hen parties contract concerning their property, spousal support, and related aspects of their affairs and file the contract with the court before entry of the divorce decree, "no decree or order directing the payment of support and maintenance for the spouse, suit money, or counsel fee or establishing or imposing any other condition or consideration, monetary or non-monetary, shall be entered except in accordance with that . . . contract."

Kaplan v. Kaplan, 21 Va. 542, 548, 466 S.E.2d 111, 114 (1996) (quoting Code § 20-109). However, "[m]odification of child support remains with the court regardless of a contract between the parties." Parillo v. Parillo, 1 Va. App. 226, 231, 336 S.E.2d 23, 26 (1985); Code § 20-108. Hence, in acting on husband's petition, the court was free to modify his child support but was restricted by the stipulation agreement with respect to spousal support.

Husband's spousal support obligation to wife was specified by the trial court in the final decree of divorce at $293.71 per month "pursuant" to the formula devised by the parties and set forth in their agreement, a part of such decree. Thus, any

ambiguity in the construction and application of the formula was resolved by the decree upon terms acceptable to both parties, all of which became final twenty-one days after entry. Rule 1:1; <u>see</u> <u>Rook v. Rook</u>, 233 Va. 92, 94-95, 353 S.E.2d 756, 758 (1987); <u>Wilson v. Holyfield</u>, 227 Va. 184, 198, 313 S.E.2d 398 (1984) (citation omitted) (construction of agreement is controlled by intention of parties). Under such circumstances, revision by the trial court of the agreed spousal support award of $293.71 per month was proscribed by Code § 20-109.

Accordingly, we reverse that portion of the decree which modified spousal support and remand the proceedings for entry of a decree consistent with this opinion.

<u>Reversed and remanded.</u>