## CIRCUIT COURT OF FAIRFAX COUNTY

Sandra Martinez

v.

Ricardo Martinez

August 4, 2009

Case No. CL 2008-6446
consolidated with CL 2008-6502

BY JUDGE JONATHAN C. THACHER

This matter came before the Court on July 17, 2009, for Defendant's Motion to Seal Case and For Protective Order. After considering the oral and written arguments of counsel, the pleadings, and the relevant legal authority, the Court denies the motion.

*Background*

On May 22, 2009, a final decree of divorce was entered by the Court. The Court made the finding that the Defendant committed adultery, but granted the divorce on the basis of a one year separation. The Defendant, a Lieutenant Colonel in the United States Air Force, believes that his high level security clearance will be jeopardized if the court record is made public. On June 17, 2009, the Defendant filed a motion with this Court to seal the entire case and record.

*Analysis*

Virginia Code § 20-124 grants the Court authority to seal the record of divorce proceedings. However, Rule 1:1 is a jurisdictional limitation to courts. It provides that "all final judgments, orders, and decrees" remain under

jurisdiction of the trial Court for twenty-one days after entry. *Rook v Rook*, 233 Va. 92, 95, 353 S.E.2d 756 (1987). Therefore, a trial court must "modify, vacate, or suspend" its decision within twenty-one days of final judgment to retain jurisdiction. *Super Fresh Food Markets v. Ruffin*, 263 Va. 555, 560, 561 S.E.2d 734 (2002). The filing of a motion by either party cannot toll the twenty-one day period. *Id.* This assures "the certainty and stability that the finality of judgment brings." *Id.* at 563.

Section 20-124 does not provide for relief more than twenty-one days after a final judgment has been entered. It only states that a court "may" order the record sealed. The Court is unaware of any Virginia case holding that courts retain jurisdiction to seal the record beyond the twenty-one days provided by Rule 1:1.

The Supreme Court of Virginia has recognized exceptions to Rule 1:1. This has only occurred when the petitioner is seeking relief under a statute that expressly extends jurisdiction. For example, Virginia Code § 8.01-428(B) authorizes the trial court to correct clerical errors in all judgments arising from inadvertent omission "at any time." *Dorn v. Dorn*, 222 Va. 288, 291, 279 S.E.2d 393 (1981). Likewise, Virginia Code § 20-107.3(k) gives the trial court "continuing authority and jurisdiction to make any additional orders necessary" to effectuate the sale of marital property. In contrast, § 20-124 only states that the trial court "may" order the record sealed.

The Defendant filed his motion on June 17, 2009, twenty-five days after a final judgment had been entered. Since the Court did not modify, vacate, or suspend its judgment within twenty-one days, it no longer has retained jurisdiction. The Defendant's motion to seal the record does not fall within one of the exceptions to Rule 1:1. Furthermore, the Defendant had ample opportunity to file this motion while the trial court had jurisdiction. *See Rook*, 233 Va. 92, 95, 353 S.E.2d 756 (1987).

## Conclusion

The circuit court does not have jurisdiction to seal a divorce file more than twenty-one days after a final decree has been entered.