COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, Chafin and Senior Judge Annunziata

UNPUBLISHED

DONALD DICKERSON WRIGHT, II

                                      MEMORANDUM OPINION*

v.     Record No. 0660-14-3                       PER CURIAM
                                           OCTOBER 14, 2014

MICHELE SMELTZER WRIGHT

FROM THE CIRCUIT COURT OF WASHINGTON COUNTY
C. Randall Lowe, Judge

(Robert M. Galumbeck; Galumbeck, Dennis & Kegley, on brief), for
appellant.

(Johnny L. Rosenbaum; Scyphers & Austin, P.C., on brief), for
appellee.

Donald Dickerson Wright, II (husband) appeals an equitable distribution ruling and orders

regarding the sale of various properties. Husband argues that the trial court erred by (1) failing to

follow the statutory scheme for equitable distribution because it "classified the property, ordered the

sale of property and ordered a distribution without placing a value of the marital estate;" (2) selling

property and/or distributing the proceeds therefrom, when the property was owned by or titled in the

name of one party; (3) prejudicing husband by approving the "under-valued" sale of a certain real

estate parcel; (4) selling and distributing the Hayter's Gap property; (5) including certain property as

part of the marital estate when Michele Smeltzer Wright (wife) did not file a motion for an

alternative valuation date; (6) including certain property as part of the marital estate when wife

failed to demonstrate that husband committed waste of those assets; and (7) ordering husband to

reimburse wife for expenses incurred after the parties' separation, including payments toward the

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

marital residence, payments toward Sonnyland Mulch Company, and taxes on jointly owned property. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

BACKGROUND

The parties married on June 20, 1981. The parties separated on March 5, 2009, and on June 9, 2009, wife filed a complaint for divorce. Husband filed an answer and cross-complaint. The parties presented their evidence through depositions and submitted position letters to the trial court. On September 28, 2012, the trial court issued its letter opinion. The trial court reviewed the factors in Code § 20-107.3 and held that all marital property should be sold and any debts should be paid in full. The remaining proceeds would be divided equally between the parties. Further, the trial court ordered husband to reimburse wife for one-half of the payments she made toward the marital residence and husband's business, Sonnyland Mulch Company. The trial court entered a decree of divorce on December 17, 2012. Neither party appealed the divorce, although husband's counsel signed the order as "Seen and objected for reasons stated in position papers."

On December 17, 2012, the trial court also entered an order appointing a special commissioner for the sale of the properties.

On February 25, 2013, husband filed a motion to reconsider and asked the trial court to reconsider its ruling awarding wife one-half of the payments she made toward the marital residence and Sonnyland Mulch Company. Wife objected to the motion to reconsider based on Rule 1:1. The trial court denied the motion.

Subsequently, the special commissioner conducted an auction for the sale of the marital property. On April 19, 2013, the special commissioner filed his report regarding the sale of

several parcels of real estate. On May 7, 2013, husband filed a motion to reconsider the sale of the real estate on which the Sonnyland Mulch Company operated. He argued that he had a higher offer. The purchaser of the property filed a motion in opposition. On June 7, 2013, the trial court entered an "Agreed Order" approving the sale of all of the real estate, with the exception of the Sonnyland Mulch Company real estate. On June 19, 2013, the trial court entered an order confirming the sale of the Sonnyland Mulch Company real estate and denying husband's motion. On June 26, 2013, the trial court entered an order approving the sale of the parties' former personal property and the payment of the liens held by the bank.

After the various sales, the special commissioner filed his final reports regarding the sales of the personal property and the real property. The reports included a final accounting of the assets and expenses.

On September 17 and October 7, 2013, the parties appeared before the trial court regarding the special commissioner's reports. On October 22, 2013, the trial court issued a letter opinion.[1]

On January 7, 2014, husband retained new counsel, who filed a "Motion for Reconsideration and Objections to Decree." Wife filed a response in opposition. On February 21, 2014, the trial court denied the motion.

On March 14, 2014, the trial court entered orders denying husband's motion to reconsider and disbursing the funds held by the special commissioner. This appeal followed.

ANALYSIS

*Assignments of error # 1, 2, 4, 5, 6, and 7*

Husband contends the trial court erred in its equitable distribution rulings. He argues that the trial court did not follow the statutory scheme, and instead, it classified the property, ordered

---

[1] The October 22, 2013 letter opinion is not included in the appendix or the record.

the sale of the property, ordered the distribution of the property, but did not value the marital estate. He also challenges the trial court's authority to sell or distribute property that was not jointly titled, including the Hayter's Gap property for which no recorded deed was presented. Furthermore, he argues that the trial court erroneously included certain property in the marital estate when it was not part of the marital estate at the time of the equitable distribution hearing, especially since wife had not filed a motion for an alternative valuation date or proved that he wasted the property. Finally, husband challenges the trial court's ruling that ordered him to reimburse wife for payments she made toward the former marital residence, Sonnyland Mulch Company, and jointly owned property. All of these rulings relate to the trial court's decree of divorce.

Rule 1:1 provides that "all final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court . . . for twenty-one days after the date of entry, and no longer." "[A] final order for purposes of Rule 1:1 'is one which disposes of the whole subject . . . and leaves nothing to be done in the cause save to superintend ministerially the execution of the order.'" James v. James, 263 Va. 474, 481, 562 S.E.2d 133, 137 (2002) (quoting Daniels v. Truck & Equipment Corp., 205 Va. 579, 585, 139 S.E.2d 31, 35 (1964)). "After the expiration of 21 days from the entry of a judgment, the court rendering the judgment loses jurisdiction of the case, and, absent a perfected appeal, the judgment is final and conclusive." Rook v. Rook, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987). Here, the trial court entered the decree of divorce on December 17, 2012. As of that date, the case was disposed of and all that was left to be done was the ministerial acts of the special commissioner in auctioning the property and distributing the proceeds. Husband did not timely perfect an appeal to this Court, so the decree, including the court's equitable distribution, became final and conclusive after twenty-one days.

- 4 -

Therefore, we cannot consider the trial court's equitable distribution rulings and, as a result, cannot consider husband's arguments in the first, second, fourth, fifth, sixth, and seventh assignments of error.

*Assignment of error #3*

Husband argues that he was prejudiced by the sale of the Sonnyland Mulch Company real estate because the trial court approved an "under-valued" sale price of the property. He argues that he presented evidence that another purchaser was willing to buy the property for $35,000 more than the bidder at the auction. The trial court denied husband's motion and allowed the auction sale to continue. Husband contends he received less than he should have received.

Husband does not offer any legal authority to support his argument, as required pursuant to Rule 5A:20(e).[2] Husband has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). This Court finds that husband's failure to comply with Rule 5A:20(e) is significant, so we will not consider the third assignment of error. See Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

*Attorney's fees and costs*

Wife asks this Court to award her attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Having reviewed and considered the entire record in this case, this Court holds that wife is entitled to a reasonable

---

[2] Rule 5A:20(e) mandates that appellant's opening brief include "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error."

amount of attorney's fees and costs and remands for the trial court to set a reasonable award of attorney's fees and costs incurred by wife in this appeal.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27. This case is remanded to the trial court for determination and award of the appropriate appellate attorney's fees and costs, which also should include any additional attorney's fees and costs incurred at the remand hearing.

<u>Affirmed and remanded.</u>