COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Humphreys, O'Brien and Senior Judge Bumgardner


KAYLA S. SCOTT

v.      Record No. 1368-16-2

CITY OF PETERSBURG
 DEPARTMENT OF SOCIAL SERVICES

MEMORANDUM OPINION*
PER CURIAM
JUNE 6, 2017


FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
Dennis M. Martin, Sr., Judge

(Susan E. Allen, on brief), for appellant.

(Miriam Airington; Marlene A. Harris, Guardian *ad litem* for the
minor child; Airington, Andraos & Rockecharlie, PLLC, on brief),
for appellee.


Kayla Scott (mother) appeals an order of dismissal. Mother argues that the trial court erred

by dismissing her appeal from the City of Petersburg Juvenile and Domestic Relations District

Court (the JDR court) because (1) the "trial court had no jurisdiction over [her] because she was

sued in her personal capacity while she was an infant;" and (2) appellant was an infant during the

proceedings and a guardian *ad litem* did not represent her, so the order terminating her parental

rights to her child was void *ab initio*.[1] Upon reviewing the record and briefs of the parties, we

conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the

trial court. See Rule 5A:27.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Mother also includes two questions presented in her opening brief. This Court
considers only assignments of error and, as such, will not consider the issues listed as questions
presented. Rule 5A:20(c).

BACKGROUND

We view the evidence in the light most favorable to the prevailing party below and grant to it all reasonable inferences fairly deducible therefrom. See Logan v. Fairfax Cty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991).

On December 4, 2014, the City of Petersburg Department of Social Services (the Department) obtained custody of the child. At the time of the removal, mother was sixteen years old, and the child was ten months old. Mother lived with her mother, Angela Scott.

On January 28, 2015, the JDR court entered an order finding that the child was abused or neglected pursuant to Code § 16.1-228. Initially, the foster care plan's goal was return to home. However, the Department subsequently changed the goal to adoption, after having provided services to mother and Angela Scott. On November 4, 2015, the JDR court entered an order approving the goal of adoption. Mother appealed this order to the circuit court.

On November 13, 2015, the Department filed a notice and petition for termination of mother's parental rights. On January 13, 2016, the JDR court held a hearing on the Department's petition. Mother did not appear at the hearing. On January 27, 2016, the JDR court entered an order terminating mother's parental rights to her child. Mother did not timely appeal this order.

On February 26, 2016, the circuit court entered an order dismissing mother's appeal of the foster care plan with the goal of adoption. The circuit court found that the "subsequent entry of an Order for Involuntary Termination of Residual Rights with regard to the mother by the Petersburg Juvenile & Domestic Relations District Court has rendered moot the question of whether DSS's Foster Care Service Plan should have recommended the goal of adoption." This order was not appealed.

On February 25, 2016, mother filed a "Motion to Vacate and Motion for Guardian Ad Litem" in the JDR court. She asked the JDR court to vacate its January 27, 2016 order terminating her parental rights. Mother argued that the order was void since she was a minor and a guardian *ad litem* did not represent her at the hearing. On February 29, 2016, mother filed a "Motion to Rehear Termination of Parental Right" in the JDR court. She argued that Angela Scott failed to transport her to the hearing and, as a minor, she relied on Angela Scott for transportation. The Department filed objections to the motions. On May 4, 2016, the JDR court entered an order denying mother's motions because they were not timely filed. Mother appealed the May 4, 2016 order to the circuit court.

On August 8, 2016, the parties appeared before the circuit court. On September 29, 2016, the circuit court entered an order dismissing mother's appeal. It found that mother's motions were not timely filed and that "Code § 8.01-9 does not require a minor mother to . . . both appointed counsel and a guardian *ad litem* in proceedings seeking termination of her parental rights." Mother timely appealed the September 29, 2016 order to this Court.

ANALYSIS

Mother argues that the trial court had no jurisdiction over her because she was a minor throughout the proceedings. She contends the order terminating her parental rights is void *ab initio* and the trial court erred by not appointing a guardian *ad litem* to represent her.

Code § 8.01-9(A) provides, "A suit wherein a person under a disability is a party defendant shall not be stayed because of such disability, but the court in which the suit is pending . . . shall appoint a discreet and competent attorney-at-law as guardian ad litem to such defendant . . . ."

Code § 8.01-9(B) states,

> Notwithstanding the provisions of subsection A or the provisions
> of any other law to the contrary, in any suit wherein a person under

a disability is a party and is represented by an attorney-at-law duly licensed to practice in this Commonwealth, who shall have entered of record an appearance for such person, no guardian ad litem need be appointed for such person unless the court determines that the interests of justice require such appointment; or unless a statute applicable to such suit expressly requires that the person under a disability be represented by a guardian ad litem. The court may, in its discretion, appoint the attorney of record for the person under a disability as his guardian ad litem, in which event the attorney shall perform all the duties and functions of guardian ad litem.

Contrary to mother's assertions, Code § 8.01-9 does not mandate that a trial court appoint a guardian *ad litem* for a minor who is represented by counsel. To the contrary, the statute indicates that it is within the trial court's discretion whether to appoint a guardian *ad litem*. Likewise, Code § 16.1-266(E) states that it is within the trial court's discretion to appoint an attorney and a guardian *ad litem* to represent a parent involved in an abuse or neglect case or a termination of parental rights matter. In this case, the trial court did not abuse its discretion by not appointing a guardian *ad litem* to represent mother.

Furthermore, this Court notes that mother filed her motions to vacate and rehear more than twenty-one days after the entry of the order terminating her parental rights. Pursuant to Rule 1:1, the lower court no longer had jurisdiction over the matter. See also Rook v. Rook, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987) ("After the expiration of 21 days from the entry of a judgment, the court rendering the judgment loses jurisdiction of the case, and, absent a perfected appeal, the judgment is final and conclusive.").

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.