COURT OF APPEALS OF VIRGINIA

Present: Judges Alston, Chafin and Senior Judge Haley

KRISTEN NAOMI WILLIAMS

MEMORANDUM OPINION*

v.      Record No. 1359-16-2                      PER CURIAM
                                                  JUNE 13, 2017

CHARLOTTESVILLE DEPARTMENT
 OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE
Richard E. Moore, Judge

(Pamela R. Johnson, on brief), for appellant.

(Allyson Manson-Davies, Deputy City Attorney; Kelly A. Hobbs,
Guardian *ad litem* for the minor child; Dygert, Wright, Hobbs &
Heilberg, PLC, on brief), for appellee.


Kristen Naomi Williams (mother) appeals an order that dismissed her appeal from the City

of Charlottesville Juvenile and Domestic Relations District Court (the JDR court) due to her failure

to appear and prosecute her case. Mother argues that the circuit court erred in dismissing her

appeal, and "[h]ad an evidentiary hearing been set, the Court could have heard further evidence

from her on the issues of whether she was able to remedy the issues which brought [the child] inter

[sic] foster care and whether termination of parental rights was in [the child's] best interests." Upon

reviewing the record and briefs of the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

We view the evidence in the light most favorable to the prevailing party below and grant to it all reasonable inferences fairly deducible therefrom. See Logan v. Fairfax Cty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991).

In November 2013, mother gave birth to the child who is the subject of this appeal. At the time, mother was committed to Western State Hospital for psychiatric services. On December 20, 2013, the Charlottesville Department of Social Services (the Department) received custody of the child, since mother was unable to care for the child. The child has lived with the same foster family since she entered foster care.

On November 20, 2015, the JDR court terminated mother's parental rights to the child and approved the foster care plan with the goal of adoption. Mother appealed to the circuit court.

A hearing was scheduled in the circuit court for July 6, 2016. Mother did not appear at the hearing, but her counsel was present.[1] The circuit court heard evidence from the Department. Mother's counsel cross-examined the Department's witnesses. At the conclusion of the hearing, the circuit court ruled that "by not appearing she [mother] waived her right to appeal and contest, and that she gives grounds for me to dismiss it for failure to appear and prosecute her appeal." The circuit court also found that it was in the child's best interests to terminate mother's parental rights and approve the goal of adoption. On July 20, 2016, the circuit court entered a final order, which dismissed the appeal and included the following findings:

> 1. The Mother has demonstrated a pattern of poor judgment which has put the health and safety of the Child at risk.

---

[1] Mother's counsel informed the court that she had met with mother approximately a week before the hearing to prepare for it. Counsel tried to call mother the morning of the trial but did not reach her. Counsel also checked her office telephone, but there were no messages from mother. During a brief recess, counsel went to the JDR court and the Albemarle Circuit Court, but did not see mother at either court.

2.  The Mother has not responded to or followed through with services that have been offered to her to address her mental health issues, and therefore, she lacks the ability to provide for the specific needs of the Child.

3.  It is not reasonably likely that the Mother will be able to remedy the conditions which resulted in the Child's placement in foster care.

4.  Returning the Child to the care and custody of the Mother would be detrimental to the health, safety, and welfare of the Child.

5.  It is in the best interest of the Child that the residual parental rights of the mother, Kristen Williams, be terminated and the foster care service plan with the goal of Adoption be approved.

Mother's counsel signed the July 20, 2016 order as "Seen and objected to."

On July 18, 2016, mother filed a motion to reconsider and explained that she did not appear at the July 6, 2016 hearing because she thought the hearing started at 1:00 p.m. instead of 9:00 a.m.  The circuit court handwrote on the motion, "Denied after hearing 8/17/16" and initialed the note.

On August 17, 2016, which was twenty-eight days after the entry of the July 20, 2016 order, mother filed a "Motion to Vacate Order."  Mother stated in this motion that she was not at the July 6, 2016 hearing because of "medical reasons."  The circuit court judge initialed the motion as received on August 17, 2016 and handwrote, "denied after hearing."

On November 14, 2016, the circuit court entered an order denying the motions to reconsider and vacate.  Mother endorsed the order as "Seen and objected to."

Mother timely appealed the July 20, 2016 order, but did not appeal the November 14, 2016 order.

ANALYSIS

Mother argues that the circuit court erred in dismissing her appeal and not allowing her to present evidence.  However, mother signed the July 20, 2016 order as "Seen and objected to,"

without further explanation. A statement of "seen and objected to" is insufficient to preserve an issue for appeal. Lee v. Lee, 12 Va. App. 512, 515, 404 S.E.2d 736, 738 (1991) (*en banc*).

In a bench trial, an appellant can preserve her issues for appeal in a motion to strike, in closing argument, in a motion to set aside the verdict, or in a motion to reconsider. Id. Mother timely filed a motion to reconsider, but she did not present or secure the entry of an order suspending the finality of the July 20, 2016 order, which became final on August 10, 2016. Rule 1:1.

Mother also filed a motion to vacate, but it was not timely filed. The record indicates that a hearing was held on August 17, 2016 on mother's motions to reconsider and vacate. At that time, the circuit court no longer had jurisdiction over the case. Rule 1:1; see also Rook v. Rook, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987) ("After the expiration of 21 days from the entry of a judgment, the court rendering the judgment loses jurisdiction of the case, and, absent a perfected appeal, the judgment is final and conclusive.").

Accordingly, we will not consider mother's arguments because she did not preserve them for appeal. See Rule 5A:18 ("No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice.").

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.