COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Annunziata and Senior Judge Coleman[*]
Argued at Richmond, Virginia


HENRY M. ELLETT
                                           OPINION BY
v.   Record No. 0824-00-2      JUDGE ROSEMARIE ANNUNZIATA
                                         MARCH 13, 2001
CYNTHIA H. ELLETT


          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                   Melvin R. Hughes, Jr., Judge

          J.W. Harman, Jr. (Harman & Harman, P.C., on
          brief), for appellant.

          Kimberlee Harris Ramsey (Robert J. Kloeti;
          Florance, Gordon and Brown, P.C., on brief),
          for appellee.


     Appellant, Henry M. Ellett ("husband"), contends on appeal

that the trial court erred in sustaining the demurrer raised by

the appellee, Cynthia H. Ellett ("wife"), to husband's bill of

complaint asking the court to declare the parties' separation

agreement null and void.  For the reasons that follow, we affirm.

     The parties were married on December 5, 1992 and separated

on or about November 17, 1996.  On March 29, 1997, the parties

executed a property settlement agreement, which was incorporated

into a final decree of divorce on April 20, 1998.  Husband sought

to have the agreement declared null and void in a bill of

---

     [*] Judge Coleman participated in the hearing and decision of
this case prior to the effective date of his retirement on
December 31, 2000 and thereafter by his designation as a senior
judge pursuant to Code § 17.1-401.

complaint filed on August 10, 1999, and in a subsequent amended bill of complaint filed December 21, 1999.  The trial court sustained wife's demurrer to both the initial bill and the amended bill of complaint.

On appeal, we will sustain the demurrer if the husband's complaint, considered in the light most favorable to the husband, fails to state a valid cause of action.  McDermott v. Reynolds, 260 Va. 98, 100, 530 S.E.2d 902, 903 (2000).  In conducting our review, we consider as true the facts alleged in husband's complaint as well as the reasonable inferences that can be drawn from such facts.  Id.

In order to challenge the validity of a separation agreement that has been incorporated into a divorce decree, the challenge must be brought within twenty-one days after the entry of the divorce decree.  Rook v. Rook, 233 Va. 92, 94-95, 353 S.E.2d 756, 757-58 (1987).  After the passage of twenty-one days from the entry of a judgment, the judgment becomes final and conclusive, absent a perfected appeal.  Rook, 233 Va. at 95, 353 S.E.2d at 758; see also Golderos v. Golderos, 169 Va. 496, 501-02, 194 S.E. 706, 707-08 (1938).  Accordingly, any challenge to the agreement may be made only upon grounds sufficient to sustain a challenge to the divorce decree itself.  See Higgins v. McFarland, 196 Va. 889, 896-97, 86 S.E.2d 168, 173 (1955); Wallihan v. Hughes, 196 Va. 117, 125-31, 82 S.E.2d 553, 559-62 (1954); Greschler v. Greschler, 414 N.E.2d 694, 699 (N.Y. 1980).

A final and conclusive judgment that is void, however, may be attacked in any court, at any time, directly or collaterally.  Rook, 233 Va. at 95, 353 S.E.2d at 758.  A void decree is one

that has been obtained by extrinsic or collateral fraud or was entered by a court that did not have jurisdiction over the subject matter or the parties.  <u>Id.</u>  The husband does not claim that the court was without jurisdiction.  We thus confine our inquiry to whether the allegations in the bill of complaint are sufficient to establish a claim of extrinsic fraud.

Extrinsic fraud consists of "conduct which prevents a fair submission of the controversy to the court."  <u>Jones v. Willard</u>, 224 Va. 602, 607, 299 S.E.2d 504, 508 (1983).  Extrinsic fraud does not include fraud relating to a "matter on which the judgment or decree was rendered," or involving an "act or testimony the truth of which was, or might have been, in issue in the proceeding before the court which resulted in the judgment that is thus assailed."  <u>Taylor v. Taylor</u>, 159 Va. 338, 344, 165 S.E. 414, 415 (1932); <u>see also</u> <u>Rowe v. Big Sandy Coal Corp.</u>, 197 Va. 136, 143, 87 S.E.2d 763, 767-68 (1955); <u>McClung v. Folks</u>, 126 Va. 259, 269, 101 S.E. 345, 348 (1919); <u>In re Miller</u>, 902 P.2d 1019, 1022-23 (Mont. 1995).  Rather, the fraud must be "'extrinsic or collateral to the questions examined and determined in the action.'"  <u>McClung</u>, 126 Va. at 269, 101 S.E. at 348 (quoting <u>United States v. Throckmorton</u>, 98 U.S. 61, 66 (1878)).  Extrinsic fraud includes such circumstances as bribery of a judge or juror, <u>In re Miller</u>, 902 P.2d at 1022; fabrication of evidence by an attorney, <u>id.</u>; preventing another party's witness from appearing, <u>Powell v. Commonwealth</u>, 133 Va. 741, 754, 112 S.E. 657, 661 (1922); intentionally failing to join a necessary party, <u>Gulfstream Bldg. Associates, Inc. v. Britt</u>, 239 Va. 178, 184, 387 S.E.2d 488, 492 (1990); or misleading another

party into thinking a continuance had been granted, <u>National Airlines, Inc. v. Shea</u>, 223 Va. 578, 583, 292 S.E.2d 308, 311 (1982).

To support his claim of extrinsic fraud, the husband alleged, in substance, that: (1) before the parties entered the agreement, wife misrepresented the true status of the family's bills and accounts and thereby prevented his becoming informed of these accounts; (2) wife discouraged him from obtaining counsel during the time the agreement was negotiated and executed; (3) husband executed the agreement under duress and undue influence exercised by wife; (4) the agreement's provisions with respect to property division, child and spousal support, and child custody are unconscionable; and (5) during negotiations, wife misrepresented her intent to abide by the terms of the agreement, thereby inducing him to execute it, and wife later breached the agreement.

The facts alleged do not support a claim of extrinsic fraud. Each of husband's challenges pertains to matters that could have been raised during the divorce proceeding. <u>See</u> <u>Taylor</u>, 159 Va. at 344, 165 S.E. at 415. The parties placed the validity of the agreement at issue by asking the court to incorporate the agreement into the final divorce decree. Claims pertaining to fraud in the procurement of the agreement, and claims based on duress, undue influence and unconscionability, all involve challenges to the agreement that could have been raised during the divorce proceeding, and do not involve "extrinsic" fraud, or fraud upon the court. <u>See</u> <u>Wallihan</u>, 196 Va. at 130-31, 82 S.E.2d at 561-62 ("When the parties are before a court of competent

jurisdiction and a separation agreement is approved, confirmed and decreed upon, its validity is by that judgment rendered <u>res judicata</u> between the parties. . . . [The wife] may not now 'go behind the judgment of the court' and say that the contract was secured through fraud." (citation omitted); holding that such a challenge did not involve extrinsic fraud); <u>see also</u> <u>Cerniglia v. Cerniglia</u>, 679 So.2d 1160, 1163 (Fla. 1996) (where wife challenged property settlement agreement incorporated into divorce decree on grounds of involuntariness, coercion, duress, enticement and fraudulent financial disclosure, court held these allegations constituted intrinsic fraud, and were insufficient to void a final decree); <u>Spaulding v. Spaulding</u>, 561 P.2d 420 (Kan. 1977) (where husband alleged he entered separation agreement involuntarily and under duress, court found this did not establish the sort of fraud necessary to void a divorce decree); <u>Van Sickle v. Harmeyer</u>, 172 Ill. App. 218 (1912) (where wife challenged settlement agreement on ground husband induced wife to enter agreement based on promises he had no intention of performing, court held this was insufficient to void final divorce decree); <u>In re Miller</u>, 902 P.2d at 1022 ("[F]raud between the parties . . . is not fraud upon the court.").

Because husband failed to allege facts sufficient to sustain a claim of extrinsic fraud, we affirm the trial court's decision to sustain the wife's demurrer.

<u>Affirmed</u>.