446

## CIRCUIT COURT OF THE CITY OF NORFOLK

Carlton Vaughn

v.

Cheryel Cherry

August 19, 2003

Case No. (Chancery) CH03-815

BY JUDGE EVERETT A. MARTIN, JR.

I find from the evidence at the hearing on July 22, 2003, that from at least the summer of 1988 through the spring of 1989 Carlton Vaughn and Cheryel Cherry were cohabiting. Ms. Cherry became pregnant, and on April 17, 1989, Carlton V. Cherry was born. Mr. Vaughn was quite certain that Ms. Cherry told him on several occasions that he was the father; however, his testimony was inconsistent about whether she told him this before or after the birth of the child. Ms. Cherry equivocated when asked if she had told Mr. Vaughn he was the father. She first stated that she never had done so, but then she said she might have done so but could not remember. I find that Ms. Cherry did tell Mr. Vaughn he was the father of the child.

Ms. Cherry did not, however, tell Mr. Vaughn that in the summer of 1988 she had a dalliance, a "two-night stand" in her words, with another man. At the time of the birth of the child, Ms. Cherry was receiving public assistance and this caused the Division of Child Support Enforcement ("DCSE") to contact Mr. Vaughn. Based on Ms. Cherry's representation to him that he was the father of the child, Mr. Vaughn went to DCSE and he signed a paternity affidavit and a consent order for child support on September 18, 1989. The original support order required him to pay $65 per month beginning October 20, 1989. On February 27, 1995, the Norfolk Juvenile and Domestic Relations District Court (the "District Court") amended the support order to require Mr.

Vaughn to pay $170 per month in current support. Mr. Vaughn appealed that order to this Court, and by order of June 23, 1995, this Court also ordered him to pay $170 per month in current support.

In June of 1998, after Mr. Vaughn and Ms. Cherry had ceased their cohabitation, Mr. Vaughn filed a petition in the District Court seeking to have the paternity of the child established pursuant to Code of Virginia § 20-49.1. The defense of *res judicata* was apparently not raised, and a blood test was ordered, the results of which indicated that Mr. Vaughn was not the father of the child. The District Court entered an order on September 10, 1998, finding that he was not the father. No appeal was taken from that order.

On February 11, 2003, Mr. Vaughn filed a motion in the District Court requesting that all prior support orders be vacated because he had been fraudulently led to believe he was the father of the child. The motion was served on Cheryel Parker (nee Cherry) on February 28. By order entered April 1, 2003, the District Court found that the earlier support orders had been procured by fraud and vacated them, it appears, *ab initio*. DCSE appeals from that order.

By order of this Court of June 5, 2003, Ms. Garris was appointed guardian *ad litem* for the child. Although the motion Mr. Vaughn filed in the District Court and the amended motion he has filed in this Court have only asked for relief on the ground of fraud, he has orally asked for relief pursuant to Code of Virginia § 20-49.10. Neither DCSE nor the guardian *ad litem* has objected to his request for relief under this statute, and all parties argued its applicability at the hearing on the 22nd *ult*.

A judgment is void *ab initio* only if it is procured by extrinsic or collateral fraud or if it is entered by a Court without jurisdiction over the subject matter or the parties. *Parrish* v. *Jessey*, 250 Va. 514, 464 S.E.2d 141 (1995). There is no claim here the District Court lacked jurisdiction over the subject matter or the parties. I shall assume, without deciding, that constructive fraud may be used to collaterally attack a judgment.

> A fraud which entitles a party to impeach a judgment must not consist of any false or fraudulent act or testimony the truth of which was, or might have been, in issue in the proceeding before the court which resulted in the judgment that is thus assailed, but it must be one extrinsic of the matter tried in the cause, one practiced upon the court in the procurement of the judgment.

*Taylor* v. *Taylor*, 159 Va. 338, 344, 165 S.E. 414, 415 (1932).

Examples of extrinsic fraud that justify setting aside a judgment include the bribery of a judge or juror, the fabrication of evidence by an attorney, preventing another party or party's witness from appearing in court, an attorney corruptly selling out his client's interest, and misleading another party into thinking a continuance has been granted. *McClung* v. *Folks*, 126 Va. 259, 268-73, 101 S.E.345, 347-49 (1919); *Ellett* v. *Ellett*, 35 Va. App. 97, 101, 542 S.E.2d 816, 818 (2001). Perjury alone is intrinsic fraud. *O'Neil* v. *Cole*, 194 Va. 50, 56, 72 S.E.2d 382, 385 (1952). The fraud that occurred here involved testimony the truth of which was in issue in the proceeding before the District Court which resulted in the judgment that is being attacked, that is, the paternity of the child. Therefore the fraud proved here is not extrinsic fraud and the motion to vacate the earlier judgments *ab initio* is denied.

All parties agree Mr. Vaughn is entitled to relief under Code of Virginia § 20-49.10, "Relief from legal determination of paternity;" however, they disagree on the date from which relief should be granted. That statute, which became effective July 1, 2001, provides, in pertinent part:

> An individual may file a petition for relief and, except as provided herein, the court may set aside a final judgment, court order, administrative order, obligation to pay child support, or any legal determination of paternity if a scientifically reliable genetic test performed in accordance with this chapter establishes the exclusion of the individual named as a father in the legal determination. ... No support order may be retroactively modified, but may be modified with respect to any period during which there is a pending petition for relief from a determination of paternity, but only from the date that notice of the petition was served on the nonfiling party.

Mr. Vaughn claims the support orders may be vacated as of June 12, 1998, the date Ms. Cherry was served with the petition to determine parentage. DCSE claims the support orders may only be vacated as of February 28, 2003, the date Ms. Cherry was served with the present motion. Mr. Vaughn's contention is contrary to the explicit language of the statute "No support order may be retroactively modified. . . ." I construe the immediately following phrase "but may be modified with respect to any period during which there is a pending petition for relief from a determination of paternity" to mean a pending petition under Code of Virginia § 20-49.10. That statute allows for

both the determination of paternity and relief from a pervious erroneous determination in one proceeding.

The support orders entered against Mr. Vaughn are thus vacated as of February 28, 2003.