## CIRCUIT COURT OF GREENE COUNTY

Harris

v.

Harris

June 4, 2013

Case No. CL11-165

By Judge Daniel R. Bouton

The court has reviewed the written arguments that were submitted subsequent to the hearing in the above referenced case. The court has also studied the authorities cited and relied on by counsel. For the reasons set forth below, the complaint filed by Mr. Harris will be dismissed.

To begin with, the dispute here involves a claim that the separation agreement of the parties should be rescinded because of the alleged fraudulent conduct of Ms. Harris. The court finds that the agreement was incorporated into the final decree of March 13, 2008. The court further finds that no challenge to any provision of the decree was made within twenty-one days of its entry.

As a result of these undisputed facts, the court concludes that the case is controlled by the rationale of *Rook v. Rook*, 233 Va. 92 (1987). There, the Supreme Court of Virginia said that, once an agreement is incorporated into a decree, it becomes a part of the court's final judgment. As such, it can only be modified, vacated, or suspended for a period of twenty-one days after the date of entry. The court stated that this rule "is clear. After the expiration of twenty-one days of the entry of a judgment, the court rendering the judgment loses jurisdiction of the case, and, absent a perfected appeal, the judgment is final and conclusive." *Id.*, at 95. This same principle was followed by the Court of Appeals in *Ellett v. Ellett*, 35 Va. App. 97 (2001). There, the Court of Appeals said that, in order "to challenge the validity of a separation agreement that has been incorporated into a divorce decree, the challenge must be brought within twenty-one days after the entry of the divorce decree." *Id.*, at 100. Moreover, the facts upon which the

*Ellett* decision was based are strikingly similar to those in the case before the court.

In this context, it should be noted that the court disagrees with the defendant's argument regarding how the *Ellett* case should be interpreted. Specifically, the *Ellett* court clearly stated that matters pertaining to an agreement that could have been raised during the divorce proceeding must be addressed and resolved before the entry of the final decree. Here, the defendant's complaints about the alleged fraudulent conduct of the plaintiff fall directly into this category. On this point, the Court of Appeals said: "The parties placed the validity of the agreement at issue by asking the court to incorporate the agreement into the final divorce decree. Claims pertaining to fraud in the procurement of the agreement and claims based on duress, undue influence, and unconscionability all involve challenges to the agreement that could have been raised during the divorce proceeding and do not involve extrinsic fraud or fraud upon the court." *Id.*, at 101-02.

The second reason the complaint will be dismissed is because the doctrine of laches would bar consideration of rescission as a remedy. Under the particular circumstances of this case, the defendant's challenge to the validity of the agreement is not timely. More than five years ago, the defendant asked the court to enter a final decree of divorce and to incorporate the settlement agreement into the decree. Subsequently, the plaintiff's finances were placed under the control of a Chapter 13 Bankruptcy Plan. In addition, the defendant brought an action to terminate spousal support and a hotly contested hearing was conducted on that issue. During this entire period of time, the defendant had ample opportunity to acquire information from the bankruptcy court and from the spousal support hearing about the plaintiff's finances. At no point did the defendant ever challenge, complain about, or question the validity of the incorporated agreement because of a lack of information about the plaintiff's financial situation. Notwithstanding the passage of many years and in spite of multiple opportunities to elicit information that would be relevant to the claims in his complaint, the defendant now alleges that the agreement he asked the court to make a part of its decree should be set aside. In the court's view, the doctrine of laches should bar him from proceeding at this time. As additional support for its ruling on this issue, the court adopts the arguments on pages 1-4 of the Plaintiff's Reply Memorandum. These arguments are incorporated by reference. They comprise part of the court's rationale that laches bars consideration of the remedy of rescission.

The final reason why the complaint will be dismissed can be found in the language of the agreement of the parties. Here, the agreement entered into by the parties sets forth the only remedy that was potentially available to them if information was not disclosed, and it does not include rescission. Rather, if either party fails to disclose an asset, the agreement states that it should be "allocated between the parties by agreement." Alternatively, if

an agreement is not reached, the asset "may be submitted by either party to a court of competent jurisdiction for allocation and equitable distribution between the parties." Thus, even if the court is incorrect in dismissing the complaint based on *Ellett* and because of laches, the defendant is still not entitled to any relief because of the explicit language of the agreement.

Ms. Hobbs shall prepare an order that sets forth the ruling of the court and that dismisses the complaint.