UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:  Judges Frank, Beales and Senior Judge Clements
Argued at Richmond, Virginia


CLIFTON LEE HARRIS

MEMORANDUM OPINION[*] BY
v.      Record No. 2123-13-2      JUDGE JEAN HARRISON CLEMENTS
SEPTEMBER 30, 2014

LAURA TERESA HARRIS


FROM THE CIRCUIT COURT OF GREENE COUNTY
Daniel R. Bouton, Judge

John L. Bauserman, Jr. (The Bowen Law Firm, on briefs), for
appellant.

Kelly A. Hobbs (Dygert, Wright, Hobbs & Heilberg, PLC, on brief),
for appellee.


Clifton Lee Harris (husband) appeals an order dismissing his complaint to rescind the

parties' post-nuptial agreement.  Husband argues that the trial court erred by (1) dismissing his

complaint for rescission of the parties' post-nuptial agreement on the basis of res judicata; (2) failing

to consider the facts in the light most favorable to him and concluding that husband "could or

should have raised his claim for fraud in the inducement while the divorce was still pending;"

(3) applying the doctrine of laches and considering extrinsic evidence; and (4) concluding that the

parties' post-nuptial agreement allowed Laura Teresa Harris (wife) to "waive liability for her

alleged fraud in the inducement."  Finding no error, we affirm the trial court's decision.

BACKGROUND

As the parties are fully conversant with the record in this case and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

incidents of the proceedings as necessary to the parties' understanding of the disposition of this appeal.

Husband and wife married on July 26, 1997 and separated on or about December 26, 2005. On January 23, 2008, the parties entered into a post-nuptial agreement. The post-nuptial agreement was affirmed, ratified, and incorporated, but not merged, into their final decree of divorce, which was entered on March 13, 2008. Neither party appealed the final decree of divorce.

In late 2012, husband filed a complaint and asked the trial court to rescind the parties' post-nuptial agreement based on fraud in the inducement. Specifically, husband alleged that wife failed to disclose several debts and fraudulently induced him to sign their post-nuptial agreement without full disclosure as required by the post-nuptial agreement. In response, wife filed a "Plea of Statute of Limitations and Plea of Res Judicata" and argued that husband's complaint should be dismissed.

On March 19, 2013, the parties appeared before the trial court and offered argument regarding the issues raised in wife's pleading.[1] The trial court declined to rule on wife's plea of statute of limitations and plea of res judicata; instead, it requested additional briefing from the parties on (1) whether the doctrines of estoppel and laches apply; (2) whether rescission was applicable based on language in the post-nuptial agreement regarding later discovered assets and liabilities; and (3) whether Code §§ 20-148 and -155, as opposed to rescission, would be applicable to the situation. The parties subsequently filed written arguments on the issues raised by their pleadings and those issues raised by the trial court.

On June 4, 2013, the trial court issued its letter opinion and ordered that husband's complaint be dismissed. The trial court noted that neither party appealed the final decree of divorce and that the matters relating to the post-nuptial agreement could have and should have been raised

---

[1] There was no evidentiary hearing in this case.

during the divorce proceedings. Furthermore, the trial court ruled that the doctrine of laches barred

consideration of rescission as a remedy and held that husband's challenge to the post-nuptial

agreement was not timely. Lastly, the trial court held that rescission was not an appropriate remedy

pursuant to the specific language in the post-nuptial agreement that addressed what would happen if

a party failed to disclose an asset. The trial court entered an order on October 2, 2013, which

incorporated its letter opinion, and dismissed husband's complaint. This appeal followed.

ANALYSIS

*Res Judicata*

Husband argues that the trial court erred by ruling that the doctrine of res judicata applied

because the post-nuptial agreement had been incorporated into the final decree of divorce, which

became a final order twenty-one days after its entry.

In this case, the trial court decided the matter based on wife's plea in bar.

> "The defensive plea in bar shortens the litigation by reducing it to a
> distinct issue of fact which, if proven, creates a bar to the
> plaintiff's right of recovery. The moving party carries the burden
> of proof on that issue of fact. See Campbell v. Johnson, 203 Va.
> 43, 47, 122 S.E.2d 907, 909 (1961). Where no evidence is taken in
> support of the plea, the trial court, and the appellate court upon
> review, must rely solely upon the pleadings in resolving the issue
> presented. See Weichert Co. of Virginia, Inc. v. First Commercial
> Bank, 246 Va. 108, 109, 431 S.E.2d 308, 309 (1993). When
> considering the pleadings, 'the facts stated in the plaintiffs' motion
> for judgment [are] deemed true.' Glascock v. Laserna, 247 Va.
> 108, 109, 439 S.E.2d 380, 380 (1994)."

Sullivan v. Jones, 42 Va. App. 794, 802-03, 595 S.E.2d 36, 40 (2004) (quoting Tomlin v.

McKenzie, 251 Va. 478, 480, 468 S.E.2d 882, 884 (1996)). "A circuit court's judgment that a

party has met his burden of proof 'will be upheld unless it is plainly wrong or without evidence

to support it.'" Station # 2, LLC v. Lynch, 280 Va. 166, 175, 695 S.E.2d 537, 542 (2010) (quoting

Hudson v. Lanier, 255 Va. 330, 333-34, 497 S.E.2d 471, 473 (1998)).

The parties' post-nuptial agreement was incorporated into their final decree of divorce, which the trial court entered on March 13, 2008. Husband contends he would not have signed the post-nuptial agreement had he known about the debts that wife incurred. He states that he did not start becoming aware of the debts until August or September 2008. He asserts that wife "actively and fraudulently concealed" the debts from husband and the trial court. Conversely, wife argues that if husband had made "even a minimal effort to determine what his own financial position was at the time of the divorce, he would have discovered then the debts . . . ."

As the trial court noted, neither party appealed the final decree of divorce, so it became final twenty-one days after its entry. See Rule 1:1. "After the expiration of 21 days from the entry of a judgment, the court rendering the judgment loses jurisdiction of the case, and, absent a perfected appeal, the judgment is final and conclusive." Rook v. Rook, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987). However, judgments that are void, including those procured by extrinsic fraud, "may be attacked in any court at any time, directly or collaterally." Id. "Extrinsic fraud consists of 'conduct which prevents a fair submission of the controversy to the court.'" Ellett v. Ellett, 35 Va. App. 97, 100, 542 S.E.2d 816, 818 (2001) (quoting Jones v. Willard, 224 Va. 602, 607, 299 S.E.2d 504, 508 (1983)).

In Ellett, the parties entered into a property settlement agreement, which was later incorporated into a final decree of divorce. Id. at 99, 542 S.E.2d at 817. The husband then tried to have the property settlement agreement declared null and void because he alleged that it was procured by fraud. Id. The Court explained that

> [t]o support his claim of extrinsic fraud, the husband alleged, in substance, that: (1) before the parties entered the agreement, wife misrepresented the true status of the family's bills and accounts and thereby prevented his becoming informed of these accounts; (2) wife discouraged him from obtaining counsel during the time the agreement was negotiated and executed; (3) husband executed the agreement under duress and undue influence exercised by wife; (4) the agreement's provisions with

- 4 -

respect to property division, child and spousal support, and child custody are unconscionable; and (5) during negotiations, wife misrepresented her intent to abide by the terms of the agreement, thereby inducing him to execute it, and wife later breached the agreement.

Id. at 101, 542 S.E.2d at 818. The Court held that husband's claims did not amount to extrinsic fraud (or fraud upon the court) because "[e]ach of husband's challenges pertains to matters that could have been raised during the divorce proceeding." Id. (citation omitted). The Court concluded that

> [c]laims pertaining to fraud in the procurement of the agreement, and claims based on duress, undue influence and unconscionability, all involve challenges to the agreement that could have been raised during the divorce proceeding, and do not involve "extrinsic" fraud, or fraud upon the court. See Wallihan v. Hughes, 196 Va. 117, 130-31, 82 S.E.2d 553, 561-62 (1954) ("When the parties are before a court of competent jurisdiction and a separation agreement is approved, confirmed and decreed upon, its validity is by that judgment rendered res judicata between the parties. . . . [The wife] may not now 'go behind the judgment of the court' and say that the contract was secured through fraud." (citation omitted); holding that such a challenge did not involve extrinsic fraud) . . . .

Id. at 101-02, 542 S.E.2d at 818 (additional citations omitted).

The trial court relied on Ellett in determining that husband's complaint should be dismissed. It noted that the facts in Ellett were "strikingly similar" to the facts in this case. The trial court stated that husband's complaints about the alleged fraudulent conduct of wife could have been raised during the divorce proceedings and should have been resolved prior to the entry

of the final decree.  Nothing in the record suggests otherwise, contrary to husband's arguments.[2]

Accordingly, the trial court did not err in dismissing husband's complaint.[3]

*Attorney's fees*

Wife asks this Court to award her attorney's fees and costs incurred on appeal.  See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).  On consideration of the record before us, we decline to award wife her attorney's fees and costs on appeal.

CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

Affirmed.

---

[2] Husband relies on Peet v. Peet, 16 Va. App. 323, 429 S.E.2d 487 (1993), to support his arguments.  However, Peet is distinguishable from this case because in Peet, some of the claimed fraudulent behavior involved one of the parties allegedly deterring or preventing material witnesses from appearing at a hearing.  Since the situation in this case is factually different from Peet, this Court does not find the Peet case to be as persuasive as the Ellett case is.

[3] Considering our ruling with respect to the first and second assignments of error, we need not decide the third and fourth assignments of error because "an appellate court decides cases 'on the best and narrowest ground available.'"  Luginbyhl v. Commonwealth, 48 Va. App. 58, 64, 628 S.E.2d 74, 77 (2006) (en banc) (quoting Air Courier Conference v. Am. Postal Workers Union, 498 U.S. 517, 531 (1991) (Stevens , J., concurring)); see also Kilby v. Culpeper Cnty. Dep't of Soc. Servs., 55 Va. App. 106, 108 n.1, 684 S.E.2d 219, 220 n.1 (2009).