UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Russell and Senior Judge Frank

JAMES C. JONES, JR.

                                          MEMORANDUM OPINION[*]

v.      Record No. 0708-15-3                            PER CURIAM
                                            NOVEMBER 3, 2015

KAREN L. JONES

FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
J. Leyburn Mosby, Jr., Judge Designate

(Joseph Brandon Ratliff; The Law Offices of David Wm. Rhodes, on
brief), for appellant. Appellant submitting on brief.

(John S. Huntington, on brief), for appellee. Appellee submitting
on brief.

James C. Jones, Jr. (father) appeals a child support order. Father argues that the trial court

erred by (1) deviating from the presumptive statutory child support amount and "not making

sufficient written findings of fact pertaining to the relevant statutory factors;" (2) "not admitting or

considering relevant evidence of fraud used to procure 2011 decree of divorce;" (3) "deviating from

the presumptive support amount because it relied solely on the 2011 divorce decree, which does not

accurately reflect the current financial circumstances of the parties, the parties' present ability to

pay, or the best interests of the children;" and (4) not granting child support retroactive to the

commencement of the proceedings. Upon reviewing the record and briefs of the parties, we

conclude that the trial court did not err. Accordingly, we affirm the decision of the trial court.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

The parties divorced on October 3, 2011. On November 12, 2013, father filed a petition requesting child support for the parties' two minor children. On November 18, 2013, the Montgomery County Juvenile and Domestic Relations District Court entered an order deviating from the child support guidelines and holding that the amount of child support shall be $0. Father appealed the ruling to the circuit court.

On April 9, 2015, the parties appeared before the circuit court. The parties agreed that mother had custody of the children 183 days per year and father had custody of the children 182 days per year. After hearing the evidence and argument, the circuit court made the necessary findings for a calculation of the presumptive child support.[1] It then deviated from the child support guidelines because father had not made any payments to mother for the equitable distribution award of $1,405,376, which was ordered in the 2011 divorce decree. Therefore, the circuit court held that neither party shall pay child support to the other party. The circuit court entered an order memorializing its rulings on April 16, 2015. This appeal followed.

ANALYSIS

*Assignment of error #1*

For the first time on appeal, father argues that the trial court erred by deviating from the presumptive child support guidelines and not making "sufficient" written findings of fact to support the deviation. We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998); see Rule 5A:18 ("No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice.").

_____

[1] The child support guidelines called for mother to pay $371 per month to father.

"The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention." Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (en banc).

Since father did not raise this issue with the trial court, we will not consider it.

*Assignment of error #2*

Father argues that the trial court abused its discretion by not considering or admitting "relevant evidence of fraud used to procure [the] 2011 decree of divorce." Father contends the trial court placed "significant weight" on the 2011 equitable distribution award, but refused to consider his evidence that fraud was committed on the court at the time of the divorce.

> A final and conclusive judgment that is void . . . may be attacked in any court, at any time, directly or collaterally. A void decree is one that has been obtained by extrinsic or collateral fraud or was entered by a court that did not have jurisdiction over the subject matter or the parties.

Ellett v. Ellett, 35 Va. App. 97, 100, 542 S.E.2d 816, 818 (2001) (citing Rook v. Rook, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987)). "Extrinsic fraud consists of 'conduct which prevents a fair submission of the controversy to the court.'" Id. (quoting Jones v. Willard, 224 Va. 602, 607, 299 S.E.2d 504, 508 (1983)).

"'The charge of fraud is one easily made, and the burden is upon the party alleging it to establish its existence, not by doubtful and inconclusive evidence, but clearly and conclusively. Fraud cannot be presumed.'" Aviles v. Aviles, 14 Va. App. 360, 366, 416 S.E.2d 716, 719 (1992) (quoting Redwood v. Rogers, 105 Va. 155, 158, 53 S.E. 6, 7 (1906)). The party alleging fraud "has the burden of proving '(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled.'" Batrouny v. Batrouny, 13 Va. App. 441, 443, 412 S.E.2d 721, 723 (1991) (quoting Winn v. Aleda Constr. Co., 227 Va. 304, 308, 315 S.E.2d 193,

195 (1984)).  See also Jacobs v. Jacobs, 184 Va. 281, 285, 35 S.E.2d 119, 120 (1945) ("where fraud is relied upon the burden of proof is upon the one alleging it, and that if it is not strictly and clearly proven as alleged, by circumstantial or direct evidence, no relief will be granted").

Father contends he was given "three contradicting evidence packets" by wife's counsel prior to and during the divorce proceedings in 2011.  Father told the trial court that he was not aware of the contradictions until "years later."  He argues that the trial court should have heard evidence about the evidence packets and rendered the divorce decree void *ab initio*.

Although father made these allegations, he did not proffer sufficient facts to support his argument that there was fraud upon the court; therefore, we hold that the trial court did not err. See Wells Fargo Alarm Servs. v. Virginia Empl. Comm'n, 24 Va. App. 377, 386-87, 482 S.E.2d 841, 845-46 (1997).

*Assignment of error #3*

Father argues that the trial court erred by deviating from the child support guidelines and not considering the parties' current financial circumstances, their ability to pay, and the children's best interests.  He asserts that the trial court erred by considering the outstanding equitable distribution award when it deviated from the child support guidelines.  He contends his financial resources are "significantly lower than what the 2011 Divorce Decree would suggest" and that his only income is his social security disability income.

"Decisions concerning child support rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence."  Smith v. Smith, 18 Va. App. 427, 433, 444 S.E.2d 269, 274 (1994) (citing Young v. Young, 3 Va. App. 80, 81, 348 S.E.2d 46, 47 (1986)).

Code § 20-108.1(B) states that the child support guidelines, as set out in Code § 20-108.2, are presumptively correct; however, the trial court may deviate from the guidelines if "the

application of such guidelines would be unjust or inappropriate in a particular case." The statute includes fifteen factors for consideration when deviating from the guidelines. The twelfth factor considers the "[p]rovisions made with regard to the marital property under § 20-107.3, where said property earns income or has an income-earning potential" and the fifteenth factor considers "[s]uch other factors as are necessary to consider the equities for the parents and children." Code § 20-108.1(B).

Contrary to father's arguments, the trial court considered the parties' current financial circumstances. It found that father's gross monthly income from his social security disability is $1,200, and mother's gross monthly income from her teaching job is $3,419 and from her tutoring job is $150. The trial court also considered that mother paid $40 per month for the children's dental insurance and there were no child care expenses. This evidence accurately depicts the parties' financial circumstances, including the fact that father had not made any payments toward the 2011 equitable distribution award of $1,405,376. The trial court did not err in considering this outstanding obligation because it is a factor that can be considered to support a deviation from the child support guidelines.

Therefore, father's allegation that the trial court failed to determine child support based on the actual and current financial resources of the parties is not supported by the record.

*Assignment of error #4*

Father argues that the trial court erred by not granting retroactive child support. He is asking this Court to reverse and remand the trial court's order and award child support to him, retroactive to November 12, 2013, which was when he filed his petition. This assignment of error is dependent on an incorrect premise because, as stated earlier, the trial court did not err in declining to award father child support in the first place. Therefore, the trial court did not err in this regard.

*Attorney's fees and costs*

Mother asks this Court to award her attorney's fees and costs incurred on appeal.  See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).  On consideration of the record before us, we deny her request for an award of attorney's fees and costs that she incurred on appeal.

## CONCLUSION

For the foregoing reasons, the trial court's ruling is affirmed.

Affirmed.