COURT OF APPEALS OF VIRGINIA

Present:    Judges Russell, AtLee and Senior Judge Haley
Argued by videoconference


STEVEN B. GILMAN

                                                          MEMORANDUM OPINION* BY
v.        Record No. 0133-21-3                            JUDGE RICHARD Y. ATLEE, JR.
                                                                JULY 27, 2021
STEPHANIE HOSTETTER SHOBE


              FROM THE CIRCUIT COURT OF THE CITY OF WAYNESBORO
                                Paul A. Dryer, Judge

         William E. Shmidheiser, III (Flora Pettit, on briefs), for appellant.

         Steven L. Raynor (Raynor Law Office, P.C., on brief), for
         appellee.


         Steven Gilman appeals the decision of the circuit court sustaining Stephanie Shobe's

demurrer to his amended complaint and dismissing the action with prejudice.  On appeal, he

assigns three errors to the circuit court.  First, he argues that the circuit court erred in concluding

it was without power to grant equitable relief even though the separation agreement was

unconscionable and procured through fraud.  Second, he argues that the circuit court erred by

deciding it could not set aside a separation agreement that had been incorporated into the divorce

decree, even though that incorporation was "merely a rote, mechanical act by the [c]ourt, not an

actual considered decision."  Third, he contends the circuit court erred in concluding that the

amended complaint did not contain sufficient allegations of extrinsic fraud.  For the following

reasons, we affirm the decision of the circuit court.

         * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I. BACKGROUND

Gilman and Shobe were married on December 17, 2004, and they separated on January 31, 2014.[1] The parties entered into four separate settlement agreements, including the January 29, 2014 marital agreement and stipulation ("separation agreement") at issue in this case. Shobe filed for divorce in the Waynesboro circuit court on December 17, 2014, requesting an uncontested divorce and incorporation of the parties' four property settlement agreements. That same day, Gilman signed a waiver of service, accepting service of the divorce filing and waiving future service of process and notice. The circuit court entered the divorce decree, which incorporated all four settlement agreements, on December 22, 2014. Gilman did not appeal.

On March 25, 2020, Gilman filed a complaint seeking to rescind the separation agreement on the grounds that it was unconscionable and obtained by fraud. He alleged that Shobe had induced him to enter the agreement through "concealment, misrepresentation[,] and fraud." Among other things, he alleged that she had concealed an affair, lied about her intent to never remarry when she in fact intended to marry the man with whom she had committed adultery, told him spousal support would end if she ever remarried when the agreement actually provided that it would continue,[2] and that her attorney would use a collaborative approach to protect both their interests.

---

[1] Gilman's amended complaint and brief to this Court state that the parties separated on January 15, 2014. The separation agreement at issue and Shobe's brief state that the date of separation was January 31, 2014. We use the later date, as it was the date listed in the divorce decree.

[2] The agreement provided that Gilman would pay Shobe $9,000 per month in spousal support for ten years, and the support provisions "shall not be terminated or modified by the provisions of §§ 20-109 and 20-109.1 of the Code of Virginia . . . ." Among other things, these code sections provide that spousal support will terminate upon the remarriage of the party receiving support. By providing that the Code provisions would not terminate the support provisions, the agreement provided that spousal support would continue even if Shobe remarried.

Shobe demurred, arguing that the separation agreement had been incorporated into the divorce decree and could only be attacked by setting aside the decree. The circuit court agreed, noting that Gilman's claims were based on intrinsic fraud (fraud in the inducement of the contract), which should have been challenged during the divorce proceedings. Gilman's complaint did not allege extrinsic fraud that would be sufficient to set aside the decree. The circuit court sustained the demurrer and granted Gilman leave to amend his complaint.

Shortly thereafter, Gilman filed an amended complaint that added a count seeking to set aside the divorce decree "pursuant to Virginia Code § 8.01-428(D), as having been procured through fraud upon the [c]ourt." He also added an allegation that Shobe had discouraged him from hiring an attorney, telling him he did not need an attorney because her attorney would look after both their interests.

Shobe demurred, which the circuit court sustained with prejudice. The circuit court held that it was bound by Ellet v. Ellet, 35 Va. App. 97 (2001), to consider whether there was evidence of extrinsic fraud to set aside the decree. Although there were allegations of intrinsic fraud relating to the settlement agreement, the circuit court held there were no allegations of extrinsic fraud relating to the divorce decree.

Gilman now appeals.

II. ANALYSIS

Gilman argues on appeal that the circuit court erred in concluding that he had to allege extrinsic fraud in order to challenge the decree because Code § 8.01-428(D) does not require extrinsic fraud to grant equitable relief. Code § 8.01-428(D) provides,

> This section does not limit the power of the court to entertain at any time an independent action to relieve a party from any

Gilman notes he did not have his own attorney and asserts that he did not understand the provisions.

- 3 -

judgment or proceeding, or to grant relief to a defendant not served with process as provided in § 8.01-322, or to set aside a judgment or decree for fraud upon the court.

Gilman argues that this provision uses the disjunctive "or" and creates three separate forms of independent action; an action to "relieve a party from any judgment or proceeding" is, according to him, a separate form of relief from an action to "set aside a judgment or decree for fraud upon the court." Therefore, he argues that he was not required to prove fraud upon the court, and the court should have instead considered the five elements of an independent action in equity set out in Charles v. Precision Tune, Inc., 243 Va. 313, 317-18 (1992).[3]

The law in Virginia, however, is well-established. A "litigant's pleadings are as essential as his proof, and a court may not award particular relief unless it is substantially in accord with the case asserted in those pleadings." Allison v. Brown, 293 Va. 617, 625 (2017) (quoting Dabney v. Augusta Mut. Ins. Co., 282 Va. 78, 86 (2011)). "Thus, a court is not permitted to enter a decree or judgment order based on facts not alleged or on a right not pleaded and claimed." Id. at 625-26 (quoting Dabney, 282 Va. at 86).

Gilman's amended complaint asked the circuit court to set aside the divorce decree "pursuant to Virginia Code § 8.01-428(D), as having been procured through fraud upon the [c]ourt." Even assuming Gilman is correct that the statutory provision lists three independent

---

[3] The five elements of an independent action in equity are:

(1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

Charles, 243 Va. at 317-18.

forms of action, his pleading set out only one—fraud upon the court. He did not cite the statute

generally, nor list an "independent action to relieve a party from any judgment or proceeding" as

a separate ground for relief. He cited the code provision and specifically limited it to one

particular form of action. Consequently, the circuit court was limited to considering only that

which was pled. See Allison, 293 Va. at 625. To the extent his argument on appeal is based

upon a ground for relief he did not assert in his pleadings, we do not consider it.

As to Gilman's remaining arguments, the circuit court concluded that it was bound by

this Court's opinion in Ellet v. Ellet, 35 Va. App. 97 (2001). Under Ellet, separation agreements

that have been incorporated into the divorce decree must be challenged within twenty-one days

after entry of the decree.[4] Id. at 100. To challenge the separation agreement after twenty-one

days, a challenge "may be made only upon grounds sufficient to sustain a challenge to the

divorce decree itself." Id. A party may challenge the decree as void where it was obtained by

extrinsic fraud or where it was entered by a court that lacked jurisdiction.[5]

"Extrinsic fraud consists of 'conduct which prevents a fair submission of the controversy

to the court.'" Id. (quoting Jones v. Willard, 224 Va. 602, 607 (1983)). This includes things

such as bribery of judges or jurors or fabrication of evidence. Id. at 101. It "does not include

fraud relating to a 'matter on which the judgment or decree was rendered,' or involving an 'act or

testimony the truth of which was, or might have been, in issue in the proceeding before the court

---

[4] Gilman argues that the circuit court's incorporation of the divorce decree was a "rote, mechanical act" rather than a considered decision. But "[w]hen the parties are before a court of competent jurisdiction and a separation agreement is approved, confirmed and decreed upon, its validity is by that judgment rendered *res judicata* between the parties." Ellet, 35 Va. App. at 102 (quoting Wallihan v. Hughes, 196 Va. 117, 130 (1954)).

[5] Gilman suggested that the decree should be set aside because neither party resided in Waynesboro at the time the decree was entered, which means the Waynesboro circuit court lacked venue. Venue is not jurisdictional "and is waived if not properly and timely raised." Porter v. Commonwealth, 276 Va. 203, 229 (2008).

which resulted in the judgment that is thus assailed.'" Id. at 100 (quoting Taylor v. Taylor, 159 Va. 338, 344 (1932)). "Claims pertaining to fraud in the procurement of the agreement, and claims based on . . . unconscionability, all involve challenges to the agreement that could have been raised during the divorce proceeding, and do not involve 'extrinsic' fraud, or fraud upon the court." Id. at 101-02.

Gilman concedes that we are bound by Ellet and that we can only grant him the relief he requests if we "modify" or distinguish Ellet. But we are without authority to modify Ellet under the doctrine of interpanel accord. See King v. King George Dep't of Soc. Servs., 69 Va. App. 206, 213 n.5 (2018) ("A holding by one panel of the Court of Appeals of Virginia 'bind[s] all other three-judge panels under the interpanel accord doctrine.'" (alteration in original) (quoting Startin v. Commonwealth, 56 Va. App. 26, 39 n.3 (2010) (*en banc*))).

And we find nothing in the facts that would distinguish this case from Ellet. To support his claim of extrinsic fraud, the husband in Ellet alleged:

> (1) before the parties entered the agreement, wife misrepresented the true status of the family's bills and accounts and thereby prevented his becoming informed of these accounts; (2) wife discouraged him from obtaining counsel during the time the agreement was negotiated and executed; (3) husband executed the agreement under duress and undue influence exercised by wife; (4) the agreement's provisions with respect to property division, child and spousal support, and child custody are unconscionable; and (5) during negotiations, wife misrepresented her intent to abide by the terms of the agreement, thereby inducing him to execute it, and wife later breached the agreement.

Ellet, 35 Va. App. at 101.

Gilman makes very similar allegations in this case. He alleges that (1) Shobe misrepresented her intent to remarry, (2) Shobe discouraged him from obtaining his own

counsel, claiming hers would use a collaborative approach to look out for both parties,[6] (3) the

terms of the agreement are unconscionable, and (4) wife misrepresented the terms of the

separation agreement.[7]  We find that these allegations are substantially similar to those in <u>Ellet</u>,

and like in <u>Ellet</u>, the issues raised by Gilman are matters that should have been raised during the

divorce proceeding.  Accordingly, we conclude that the facts alleged do not support a claim of

extrinsic fraud or fraud upon the court.

---

[6] Gilman claims Shobe committed fraud because she told him her counsel would look after his interests, as well as Shobe's.  But the separation agreement, which Gilman attached as an exhibit to his amended complaint, has a voluntary execution provision, which provides,

> The parties respectively acknowledge that each has had the opportunity to consult with and obtain independent legal advice from counsel of his or her own choosing; that each fully understands the facts and legal effects of all provisions contained herein; and that each, having had such advice or the opportunity to seek such advice, is signing this Agreement freely, voluntarily and for the purposes herein expressed, and each party herein specifically waives any objection to the provisions of this Agreement upon any claim that said party did not have legal advice prior to entering into this Agreement.  *WIFE has been represented by C. Lynn Lawson and HUSBAND has had a full and fair opportunity to consult with counsel of his choice before executing this Agreement.*

(Emphasis added.)  The agreement, which Gilman signed, states in plain terms that C. Lynn Lawson represents Shobe—not Gilman.

[7] In his brief to this Court, specifically in his third assignment of error, Gilman also alleges that Shobe's counsel had him sign a waiver of service without notifying his counsel and that she conducted depositions and submitted the depositions and divorce decree to the circuit court without notice to him or his counsel.  Gilman's amended complaint, however, does not allege that he was asked to sign the waiver without notice to his counsel.  In fact, in other documents filed in the court below, Gilman specifically claims that he was not represented by counsel at that time.  Furthermore, by signing the waiver of service, he specifically and voluntarily waived any future notice requirements.

## III. Conclusion

Because Gilman failed to allege facts sufficient to sustain a claim of extrinsic fraud or fraud upon the court, we affirm the circuit court's decision to sustain Shobe's demurrer.

<u>Affirmed.</u>