UNPUBLISHED

Present: Judges Fulton, Friedman and Chaney

LAMONT DECARLO BOOKER

v.      Record No. 0810-22-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
JANUARY 30, 2024

FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Kenneth R. Melvin, Judge

(Lamont Decarlo Booker, on briefs), *pro se*.

(Jason S. Miyares, Attorney General; Susan Hallie Hovey-Murray,
Assistant Attorney General, on brief), for appellee.  Appellee
submitting on brief.


It appears to the Court that the appellant's copy of the opinion rendered in this case on November 21, 2023 was mailed to an incorrect address for appellant.  Accordingly, that opinion is withdrawn, the mandate entered on that date is vacated, and the following opinion is entered in lieu thereof:

Lamont Decarlo Booker appeals the circuit court's order denying his motion to vacate his conviction as void on grounds of extrinsic fraud upon the court.  Booker contends that the circuit court erred in finding that (1) his conviction was not void for extrinsic fraud upon the court and (2) the circuit court lacked jurisdiction to vacate the conviction.  After examining the briefs and record in this case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit."[1]  Code § 17.1-403(ii)(a); Rule 5A:27(a).

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] This Court also denies Booker's motion to compel for grand jury transcripts and motion for review for exhibits.

BACKGROUND

In 2017, a jury convicted Booker of possession with intent to distribute a Schedule I or II controlled substance and the circuit court sentenced him to incarceration for ten years. On appeal to this Court in 2018, Booker challenged the denial of his motion to suppress evidence. This Court affirmed the circuit court's judgment by memorandum opinion. *See Booker v. Commonwealth*, No. 1542-17-1 (Va. Ct. App. Nov. 6, 2018). The Supreme Court subsequently refused Booker's further appeal, in part, and dismissed it, in part. *See Booker v. Commonwealth*, No. 181621 (Va. June 18, 2019) (order).

In February 2022, Booker moved the circuit court to vacate his conviction "for fraud upon the court." Booker alleged that his conviction was procured by extrinsic fraud because the arresting officer fraudulently omitted "essential facts" from his probable cause affidavit. Specifically, Booker contended that the officer identified his source merely as "a concern[ed] citizen" when the officer knew that the source was an unreliable confidential informant. Booker contended that the officer admitted to making this erroneous omission in his suppression hearing testimony. Booker argued that this fraudulent omission prevented the magistrate and grand jury from making valid probable cause judgments, rendering the warrant and subsequent indictment void. Booker contended that consequently, the trial court "never had personal subject matter jurisdiction, to hear, convict, or sentence" him, rendering his conviction void and subject to challenge at any time.

The circuit court found that the officer's misstatements in his probable cause affidavit did not constitute extrinsic fraud. The circuit court noted that "[e]xtrinsic fraud . . . does not include fraud . . . involving acts or testimony the truth of which was, or might have been, at issue in the proceeding before the Court which resulted in the judgment that is thus challenged." Final Order, R. 798 (citing *Ellett v. Ellett*, 35 Va. App. 97 (2001); *Taylor v. Taylor*, 159 Va. 338

- 2 -

(1932); *Rowe v. Big Sandy Coal Corp.*, 197 Va. 136 (1955)). Upon finding that "[e]ach of [Booker]'s challenges pertains to matters that could have been raised during the proceeding" at trial, the circuit court concluded that "the facts alleged do not support a claim of extrinsic fraud and are insufficient to void [Booker]'s conviction." *Id*.

After finding no extrinsic fraud, the circuit court held that under Rule 1:1, the court lacked jurisdiction over Booker's motion to vacate because more than 21 days had passed since the court entered the final order of conviction. Upon finding that it lacked jurisdiction, the circuit court denied Booker's motion to vacate. Booker timely appealed the circuit court's order.

ANALYSIS

Whether a circuit court has jurisdiction over a particular matter is a question of law that this Court reviews de novo on appeal. *See Reaves v. Tucker*, 67 Va. App. 719, 727 (2017).

"Jurisdiction . . . is the power to adjudicate a case upon the merits and dispose of it as justice may require." *Pure Presbyterian Church of Wash. v. Grace of God Presbyterian Church*, 296 Va. 42, 49 (2018) (alteration in original) (quoting *Shelton v. Sydnor*, 126 Va. 625, 629 (1920)). Under Rule 1:1, a circuit court has jurisdiction to vacate a criminal conviction "for twenty-one days after the date of entry, *and no longer*." Rule 1:1(a) (emphasis added). However, "[a]n order that is void ab initio is a complete nullity that may be impeached directly or collaterally by all persons, anywhere, at any time, or in any manner." *Burrell v. Commonwealth*, 283 Va. 474, 480 (2012) (quoting *Collins v. Shepherd*, 274 Va. 390, 402 (2007)).

Booker invokes Code § 8.01-428(D), arguing—as he did below—that his conviction is void because the police officer's misstatements in his probable cause affidavit constituted a fraud

on the circuit court.[2] Due to this alleged fraud, Booker contends that the circuit court had jurisdiction to vacate his 2017 conviction, notwithstanding the time limits under Rule 1:1. We disagree.

When addressing challenges to otherwise final judgments based on alleged fraud on the court, our Supreme Court has long distinguished between *intrinsic* fraud and *extrinsic* fraud. It is well-established that "[t]he judgment of a court, procured by *intrinsic* fraud, *i.e.*, by perjury, forged documents, or other incidents of trial related to issues material to the judgment, is *voidable* by direct attack at any time before the judgment becomes final." *State Farm Mut. Auto. Ins. Co. v. Remley*, 270 Va. 209, 218 (2005) (alteration in original) (quoting *Jones v. Willard*, 224 Va. 602, 607 (1983)). In contrast, "the judgment of a court, procured by *extrinsic* fraud, *i.e.*, by conduct which prevents a fair submission of the controversy to the court, is *void* and subject to attack, direct or collateral, at any time." *Id.*

The record supports the circuit court's finding that Booker's claim for relief rests on allegations of intrinsic fraud, not extrinsic fraud. As the circuit court noted, extrinsic fraud does not include fraud involving testimony that was, or could have been, challenged during the proceeding that resulted in the conviction. *See Ellett*, 35 Va. App. at 101. The record demonstrates that the truthfulness of the officer's probable cause affidavit was raised at Booker's suppression hearing—before his conviction became final. Thus, the allegedly fraudulent misstatements in the officer's probable cause affidavit do not constitute extrinsic fraud. Therefore, the alleged fraud did not void Booker's conviction.

Claims of intrinsic fraud render a judgment merely voidable and, thus, subject to the 21-day time limit under Rule 1:1. *See Singh v. Mooney*, 261 Va. 48, 54 (2001). Because

---

[2] Code § 8.01-428(D) provides, in relevant part, "[t]his section does not limit the power of the court to entertain at any time an independent action to relieve a party from any judgment or proceeding, or . . . to set aside a judgment or decree for fraud upon the court."

Booker's 2017 conviction was not void ab initio, the circuit court lacked jurisdiction under Rule 1:1 to vacate the conviction.

## CONCLUSION

The circuit court correctly held that it lacked jurisdiction to consider Booker's motion to vacate his conviction. Accordingly, this Court affirms the circuit court's judgment.

*Affirmed.*

Present: Judges Fulton, Friedman and Chaney

LAMONT DECARLO BOOKER

v.      Record No. 0810-22-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
NOVEMBER 21, 2023

FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Kenneth R. Melvin, Judge

(Lamont Decarlo Booker, on briefs), *pro se*.

(Jason S. Miyares, Attorney General; Susan Hallie Hovey-Murray,
Assistant Attorney General, on brief), for appellee. Appellee
submitting on brief.

Lamont Decarlo Booker appeals the circuit court's order denying his motion to vacate his

conviction as void on grounds of extrinsic fraud upon the court. Booker contends that the circuit

court erred in finding that (1) his conviction was not void for extrinsic fraud upon the court and

(2) the circuit court lacked jurisdiction to vacate the conviction. After examining the briefs and

record in this case, the panel unanimously holds that oral argument is unnecessary because "the

appeal is wholly without merit."[1]  Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND

In 2017, a jury convicted Booker of possession with intent to distribute a Schedule I or II

controlled substance and the circuit court sentenced him to incarceration for ten years. On

appeal to this Court in 2018, Booker challenged the denial of his motion to suppress evidence.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] This Court also denies Booker's motion to compel for grand jury transcripts and motion
for review for exhibits.

This Court affirmed the circuit court's judgment by memorandum opinion. *See Booker v. Commonwealth*, No. 1542-17-1 (Va. Ct. App. Nov. 6, 2018). The Supreme Court subsequently refused Booker's further appeal, in part, and dismissed it, in part. *See Booker v. Commonwealth*, No. 181621 (Va. June 18, 2019) (order).

In February 2022, Booker moved the circuit court to vacate his conviction "for fraud upon the court." Booker alleged that his conviction was procured by extrinsic fraud because the arresting officer fraudulently omitted "essential facts" from his probable cause affidavit. Specifically, Booker contended that the officer identified his source merely as "a concern[ed] citizen" when the officer knew that the source was an unreliable confidential informant. Booker contended that the officer admitted to making this erroneous omission in his suppression hearing testimony. Booker argued that this fraudulent omission prevented the magistrate and grand jury from making valid probable cause judgments, rendering the warrant and subsequent indictment void. Booker contended that consequently, the trial court "never had personal subject matter jurisdiction, to hear, convict, or sentence" him, rendering his conviction void and subject to challenge at any time.

The circuit court found that the officer's misstatements in his probable cause affidavit did not constitute extrinsic fraud. The circuit court noted that "[e]xtrinsic fraud . . . does not include fraud . . . involving acts or testimony the truth of which was, or might have been, at issue in the proceeding before the Court which resulted in the judgment that is thus challenged." Final Order, R. 798 (citing *Ellett v. Ellett*, 35 Va. App. 97 (2001); *Taylor v. Taylor*, 159 Va. 338 (1932); *Rowe v. Big Sandy Coal Corp.*, 197 Va. 136 (1955)). Upon finding that "[e]ach of [Booker]'s challenges pertains to matters that could have been raised during the proceeding" at trial, the circuit court concluded that "the facts alleged do not support a claim of extrinsic fraud and are insufficient to void [Booker]'s conviction." *Id.*

After finding no extrinsic fraud, the circuit court held that under Rule 1:1, the court lacked jurisdiction over Booker's motion to vacate because more than 21 days had passed since the court entered the final order of conviction. Upon finding that it lacked jurisdiction, the circuit court denied Booker's motion to vacate. Booker timely appealed the circuit court's order.

ANALYSIS

Whether a circuit court has jurisdiction over a particular matter is a question of law that this Court reviews de novo on appeal. *See Reaves v. Tucker*, 67 Va. App. 719, 727 (2017).

"Jurisdiction . . . is the power to adjudicate a case upon the merits and dispose of it as justice may require." *Pure Presbyterian Church of Wash. v. Grace of God Presbyterian Church*, 296 Va. 42, 49 (2018) (alteration in original) (quoting *Shelton v. Sydnor*, 126 Va. 625, 629 (1920)). Under Rule 1:1, a circuit court has jurisdiction to vacate a criminal conviction "for twenty-one days after the date of entry, *and no longer*." Rule 1:1(a) (emphasis added). However, "[a]n order that is void ab initio is a complete nullity that may be impeached directly or collaterally by all persons, anywhere, at any time, or in any manner." *Burrell v. Commonwealth*, 283 Va. 474, 480 (2012) (quoting *Collins v. Shepherd*, 274 Va. 390, 402 (2007)).

Booker invokes Code § 8.01-428(D), arguing—as he did below—that his conviction is void because the police officer's misstatements in his probable cause affidavit constituted a fraud on the circuit court.[2] Due to this alleged fraud, Booker contends that the circuit court had jurisdiction to vacate his 2017 conviction, notwithstanding the time limits under Rule 1:1. We disagree.

---

[2] Code § 8.01-428(D) provides, in relevant part, "[t]his section does not limit the power of the court to entertain at any time an independent action to relieve a party from any judgment or proceeding, or . . . to set aside a judgment or decree for fraud upon the court."

- 3 -

When addressing challenges to otherwise final judgments based on alleged fraud on the court, our Supreme Court has long distinguished between *intrinsic* fraud and *extrinsic* fraud. It is well-established that "[t]he judgment of a court, procured by *intrinsic* fraud, *i.e.*, by perjury, forged documents, or other incidents of trial related to issues material to the judgment, is *voidable* by direct attack at any time before the judgment becomes final." *State Farm Mut. Auto. Ins. Co. v. Remley*, 270 Va. 209, 218 (2005) (alteration in original) (quoting *Jones v. Willard*, 224 Va. 602, 607 (1983)). In contrast, "the judgment of a court, procured by *extrinsic* fraud, *i.e.*, by conduct which prevents a fair submission of the controversy to the court, is *void* and subject to attack, direct or collateral, at any time." *Id.*

The record supports the circuit court's finding that Booker's claim for relief rests on allegations of intrinsic fraud, not extrinsic fraud. As the circuit court noted, extrinsic fraud does not include fraud involving testimony that was, or could have been, challenged during the proceeding that resulted in the conviction. *See Ellett*, 35 Va. App. at 101. The record demonstrates that the truthfulness of the officer's probable cause affidavit was raised at Booker's suppression hearing—before his conviction became final. Thus, the allegedly fraudulent misstatements in the officer's probable cause affidavit do not constitute extrinsic fraud. Therefore, the alleged fraud did not void Booker's conviction.

Claims of intrinsic fraud render a judgment merely voidable and, thus, subject to the 21-day time limit under Rule 1:1. *See Singh v. Mooney*, 261 Va. 48, 54 (2001). Because Booker's 2017 conviction was not void ab initio, the circuit court lacked jurisdiction under Rule 1:1 to vacate the conviction.

CONCLUSION

The circuit court correctly held that it lacked jurisdiction to consider Booker's motion to vacate his conviction.  Accordingly, this Court affirms the circuit court's judgment.

*Affirmed*.